### STATE OF IOWA ex rel. GREGORY v. JONES, Warden.

(District Court, S. D. Iowa, W. D. March 19, 1904.)

1. CRIMINAL LAW—JUDGMENTS—REVIEW—HABEAS CORPUS.

A writ of habeas corpus is not available to review mere errors or irregularities of another court.

2. SAME—STATUTES—HABITUAL CRIMINAL ACT—EX POST FACTO LAW.

Laws 27th Gen. Assem. Iowa, p. 58, c. 109, providing that whenever a person has been twice convicted of the larceny of property exceeding $20 in value, and shall thereafter be convicted of such offense, he shall be imprisoned for a term not less than 15 years, is not in violation of Const. U. S. art. 1, § 10, as an ex post facto law, though it applies to a defendant convicted of larceny after its passage, whose prior convictions, and the punishment assessed thereon, had been fully completed before the passage of the act.

3. SAME—RULES OF EVIDENCE—CHANGE.

Such act was not ex post facto on the ground that it changed the rules of evidence, and permitted the admission of different testimony than that which the law required at the time of the commission of the offense in order to convict accused.

4. SAME—INDICTMENT.

Laws 27th Gen. Assem. Iowa, p. 58, c. 109, provides that whenever a person has been twice convicted of the crime of larceny, and shall thereafter be convicted of such crime, he shall be imprisoned for a period of not less than 15 years. *Held,* that where an indictment for larceny charged that defendant had been previously three times convicted for such offense, and the jury, by a special verdict, so found, such indictment and verdict were sufficient to bring accused within the statute, since, by

¶ 1. See Habeas Corpus, vol. 25, Cent. Dig. § 25.

having been previously twice convicted, he brought himself within the class of habitual criminals, and it was immaterial how many more convictions he had suffered.

## Habeas Corpus.

Recently there was filed by the relator a petition asking for the issuance of the writ of habeas corpus, to the end that his imprisonment might be inquired into, and that on a hearing he might be discharged from custody of the warden. From the petition the following facts appear: October 22, 1891, Gregory was convicted on indictment for the crime of larceny by the district court of Greene county, Iowa. April 1, 1895, for a like crime, he was convicted by the district court of Adair county, Iowa. September 7, 1896, he was convicted of a like crime by the district court of Harrison county, Iowa. In all those cases the value of the property stolen was in excess of $20, and in all the cases he was sentenced to the penitentiary, and he served his respective terms of imprisonment. All of which were prior to the year 1898. In the year 1898 (chapter 109, p. 58, Laws 27th Gen. Assem.) a statute was enacted providing, among other things, that whenever a person has been twice convicted of the crime of larceny of property of a value in excess of $20, and shall thereafter be convicted of such crime, he shall be imprisoned for a time not less than 15 years. The statute requires that such prior convictions shall be pleaded, and that the jury shall specially find whether he has been so convicted as alleged. In May, 1900, Gregory was indicted in the district court of Pottawattamie county, Iowa, for the larceny of a mule in October, 1899, of the value of $125. The indictment also recited the three prior convictions. The verdict was that of guilty as charged, and special affirmative findings of the three prior convictions as alleged. And he was sentenced to 20 years' imprisonment, which he is now undergoing, and by reason of which Warden Jones now detains him. Notice having been given to the Attorney General and county attorney, they have filed, for the warden, a demurrer to the petition.

T. H. Milner, for relator.

Charles W. Mullan, Atty. Gen., and W. H. Kilpach, Co. Atty., for Warden Jones.

McPHERSON, District Judge (after stating the facts as above). The validity of the judgment now being enforced against the prisoner, and the statute, as construed by the state court, under which the judgment was pronounced, are assailed for many reasons. Some of these reasons only will be noticed, because, as to all the others, this court has neither the right nor the power to inquire into them.

It has been held over and over again that the writ of habeas corpus cannot be used as an appellate proceeding by which the irregularities or errors, real or supposed, of some other court, can be reviewed. Such matters can only be determined on appeal or by writ of error. And if there be no appeal, the rulings and the judgment of the trial court are a finality. And if the case is carried up, and t'e judgment affirmed, the conclusions of the appellate court put the matters forever at rest. So that many of the contentions of counsel for the prisoner on the present hearing are given no consideration.

Although not pleaded, yet, as a fact, it can be stated that there was an appeal from the judgment in question to the Iowa Supreme Court. See State v. Gregory, 90 N. W. 1131. And the fact that the Iowa Supreme Court disposed of the case in an opinion of seven lines, and that the case was not even argued, in no manner can call for the judgment of a federal court on the questions which might have been argued, or which might have been discussed by the Iowa Supreme

Court. Ever since Iowa has been a state, the maximum punishment for grand larceny has been five years' imprisonment. And prior to 1898 Iowa had no habitual criminal law. And prior to 1898 the three prior judgments had been pronounced against the prisoner, and prior to that year he had fully served the several terms of imprisonment provided for by the three several prior judgments. The contention of the prisoner is that the statute of 1898, as construed and enforced against him, is an ex post facto law. The entire strength of the argument is that the last fifteen years of the imprisonment imposed upon him were because of crimes committed prior to the enactment of the statute of 1898. And while it is not material, he seeks to strengthen his claim that not only were his three crimes committed prior to the enactment of that statute, but that he had wholly served the terms of imprisonment imposed for those three crimes before the action of the Legislature of 1898. Prior to the argument of the case at bar, and before reading the decisions of the courts upon the question, it seemed quite plausible that Gregory, under the judgment now assailed, is being imprisoned for five years or less for the stealing of the mule in Pottawattamie county in 1899, and for fifteen years or more for his larcenies prior to 1898. But plausible as this statement is, it is only plausible, and not a correct statement. It is unsound. Const. U. S. art. 1, § 9, provides that Congress shall not enact an ex post facto law, and by section 10 of the same article it is provided "no state shall * * * pass any ex post facto law." And what is an ex post facto law? In Fletcher v. Peck, 6 Cranch, 87, 3 L. Ed. 162, Chief Justice Marshall said: "An ex post facto law is one which renders an act punishable in a manner in which it was not punishable when it was committed." A better, or more accurate definition has not been given. From this definition it is seen that the punishment provided for when the crime was committed is the punishment that must be imposed. If no punishment was then provided for, none can be imposed by subsequent legislation. If punishment was then provided for, subsequent legislation cannot be enacted, increasing the punishment, and such legislation can only refer to subsequent crimes. The punishment can be lessened, but never increased, as against any one, for a crime already committed. No more beneficent provision is found in the Constitution for the protection of the individual, and it must be and will be enforced on behalf of the bad citizen or criminal as well as for the good citizen.

But the learned counsel of the relator concedes that the statute of 1898 is within the Constitution, and therefore valid, but claims that it is only valid when it relates to other convictions committed after the enactment of the statute. But the authorities are against him, whatever might be urged if it were an original question. Kelly v. People, 115 Ill. 583, 4 N. E. 644, 56 Am. Rep. 184, is in a measure in point, although it does not go to the extent as claimed. The federal Constitutional provision was not relied on nor discussed in that case. But the case of Commonwealth v. Graves, 155 Mass. 163, 29 N. E. 579, 16 L. R. A. 256, is in point. In that case the offense pleaded as a prior conviction was committed prior to the enactment of the statute under which the convictions appealed from was enacted. And it was held that the statute, as thus construed, was not an ex post facto law.

Sturtevant v. Commonwealth, 158 Mass. 598, 33 N. E. 648, is of like holding. And so is In re Miller (Mich.) 68 N. W. 990. Blackburn v. State, 50 Ohio St. 428, 36 N. E. 18, is squarely in point. In that case the defendant was indicted for breaking and entering a building with intent therein to commit larceny April 4, 1890. The indictment also pleaded two former convictions of felonies—one of June, 1881, and the other of October, 1886. The statute was of date May, 1885. So that one of the prior offenses, and convictions as well, was of a prior date to the enactment of the statute. The prisoner urged the point that the statute, as applied to him, was an ex post facto law. The jury finding him guilty as charged, and finding the allegations of the indictments as to the prior convictions to be true, he was sentenced to the penitentiary for life. The judgment was affirmed by the Ohio Supreme Court.

Moore v. State of Missouri, 159 U. S. 673, 16 Sup. Ct. 179, 40 L. Ed. 301, by argument, at least, is in point. The indictment charged a felony as of date May 26, 1893. It also set forth a prior conviction of a felony. The date of the enactment of the statute·in question is not given, and therefore it will be assumed that it was prior to the commission of the first offense. The defendant, by reason of the crime charged and the former conviction, was sentenced to prison for life. So far as appears from the opinion, it was not urged that the statute was an ex post facto law. At all events, that question was not discussed in the opinion. The point decided was that the statute was not in conflict with the fourteenth amendment. Therefore it cannot be said that the case is an authority on the point now before this court. But the fact is that by argument, at least, much of what is said by the chief justice is persuasive on the question now presented, and is worthy of being considered in the case at bar.

It is always with satisfaction that quotations are made from Cooley's Constitutional Limitations—one of the few really great text-books. That work (7th Ed.), at page 383, recites:

"And a law is not objectionable as an ex post facto which, in providing for the punishment of future offenses, authorizes the offender's conduct in the past to be taken into the account, and the punishment to be graduated accordingly. Heavier penalties are often provided by law for a second or any subsequent offense than for the first, and it has not been deemed objectionable that, in providing for such heavier penalties, the prior conviction authorized to be taken into the account may have taken place before the law was passed. In such case it is the second or subsequent offense that is punished, not the first; and the statute would be void if the offense to be actually punished under it had been committed before it had taken effect, even though it was after its passage."

From these authorities it will be seen that a prisoner is convicted and sentenced for the one crime charged, and is not convicted on account of or for the prior crime or crimes. But he is convicted of the crime charged, and as belonging to a class of incorrigibles, for whom punishment does no good—a class into which the accused has voluntarily brought himself, and as against whom society has the right to be protected by placing him for the balance of his life where he cannot prey upon the people. In this case it was fortunate for Gregory that his sentence was for but 20 years, instead of for life, as it

could have been—fortunate because at the end of 20 years, with four convictions behind him, he will have one more chance in life.

A law is also ex post facto, and therefore void, if it alters the rules of evidence, and allows less or different testimony than the law required at the time of the commission of the offense in order to convict the accused. It is therefore urged that the statute changes the rules of evidence, and is therefore void. But this point has already been covered.

The prisoner was convicted for stealing the mule in Pottawattamie county in the year 1899, after the enactment of the statute, and in stealing the mule, thereby, by his own act, he brought himself into a class of thieves, as distinguished from those not yet classified by judicial records. As already observed, the statute in question covers cases wherein the accused has been twice before convicted.

The indictment against Gregory recited that he had been three times before convicted, and the trial jury, by special verdicts, found the allegations to be true. And because of such allegations and special verdicts, it is claimed that the judgment is void. This cannot be so. It is a familiar, and perhaps elementary, rule of criminal law and pleading that the greater includes the lesser, the same as in mathematics. If he had been three times before convicted, as, of course, he had been twice before convicted, and the indictment would have been good, and the special verdicts valid, if innumerable convictions had been pleaded and proven. Two prior convictions would bring the accused into the class, and twenty prior convictions would do no more. But all this was a question for the Pottawattamie District Court, subject only to review by the Iowa Supreme Court, and with which this court has no concern.

The court holding, as it does, that the statute of 1898 is valid, and that it is not an ex post facto law, even when construed as authorizing the pleading of a conviction of an older date than the statute, to the end of bringing him into a class of criminals, the writ of habeas corpus should be, and is, denied, because section 755 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 593] provides that the writ shall not issue if the petition, on its face, shows that the prisoner is not entitled thereto.