No. 20,540.

THE STATE OF KANSAS, *Appellee*, V. PORTER PATTERSON, *Appellant.*

### SYLLABUS BY THE COURT.

1. LIQUOR LAWS—*"Persistent Violation"—Several Prior Convictions—No Election Required.* In a prosecution for persistent violation of the prohibitory liquor law, it is not error to deny a motion of the defendant to require the state to elect on which of several prior convictions alleged in and proved under each count it will rely for conviction on that count.

2. SAME—*Evidence—Competency.* Certain alleged errors in the admission of evidence have been examined. The evidence complained of was competent.

3. SAME—*Cross-examination of Defendant.* There was no error in the cross-examination of the defendant.

4. SAME—*Trial—Misconduct of County Attorney.* It is not such misconduct as will cause a judgment of conviction to be reversed for a county attorney, in his closing argument to a jury, to say that if the jury should disregard the evidence of certain witnesses and return a verdict of not guilty, it would be of no use to try certain other criminal cases and that he might as well dismiss them, for the reason that the state depends for a conviction in those cases upon the same class of testimony as that introduced on the trial in which the argument is made.

5. SAME—*Trial—Instructions.* Certain instructions have been examined. They fully cover the law concerning the matters complained of, and there was no error in giving or refusing instructions.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed May 6, 1916. Affirmed.

*J. J. Schenck*, of Topeka, for the appellant.

*S. M. Brewster*, attorney-general, *S. N. Hawkes*, assistant attorney-general, and *W. E. Atchison*, county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment of conviction for persistent violation of the prohibitory liquor law.

1. He was charged in seven and convicted on three counts. Each count of the information charged three previous convictions for violations of the law—one on a charge in police court and two in prosecutions by the state: All reference to the conviction in police court was stricken from the information on the trial. At the close of the evidence for the prosecution, the defendant moved the court to require the state to elect upon which of the former convictions proved it relied for conviction on each count. This motion was denied. Of this the defendant complains. In prosecutions of this kind the state may charge and prove more than one previous conviction of violation of the law. A motion to require the state to elect upon which of the former convictions alleged or proved it will rely for conviction should be denied.

2. The defendant contends that the court erred in admitting evidence offered by the state. This contention is based on evidence tending to show that intoxicating liquors were ordered by persons other than the defendant and directed to be hauled to the barn of the defendant's father by the persons ordering the liquors. It is argued that this is not sufficient to sustain a conviction. The evidence also tended to show that some of this liquor, ordered by other persons and taken to the barn of the defendant's father, was taken from there to the defendant's house; that the defendant directed that it be taken to his house; that he paid for hauling liquor to, and sold liquor at his house. This evidence was competent, and there was evidence sufficient to sustain the conviction for keeping and maintaining a nuisance. No reversible error in the admission of evidence has been shown.

3. Complaint is made of the cross-examination of the defendant, who testified as a witness. Considerable latitude was allowed, but it did not go outside the field of proper cross-examination as often defined by this court.

4. The defendant argues that the motion for a new trial should have been sustained because of the misconduct of the

The State v. Patterson.

county attorney in his closing argument to the jury.   There was conflicting evidence as to what the county attorney said in this argument.   The court, in passing on the motion for a new trial, made the following findings:

"And the court also finds upon the evidence introduced upon the hearing of said motion for a new trial as to the remarks made by W. E. Atchison, county attorney, in his closing argument to the jury on the trial of this case that said county attorney stated in substance in his said closing argument that if the jury should disregard the evidence of certain of the state's witnesses and return a verdict of not guilty in this case that it would be of no use for the state to try the case against one Johanna Adams and one or two other criminal cases then set for trial in this court and that he might as well dismiss such cases for the reason that the state depended for conviction in said cases upon the same class of testimony as that introduced on the trial of this case.

"But the county attorney did not state positively that he would dismiss said cases if a verdict of not guilty was returned in this case.   The said remarks of the county attorney were made in connection with his discussion in the argument of the fact that the defendant had introduced evidence tending to impeach certain witnesses who had testified for the state, which testimony appears in the record of the trial of this case.   Said statements of the county attorney in his argument were made while the court reporter was present in court and there was no objection made to the court by counsel for the defendant to said remarks of the county attorney nor exceptions taken thereto by counsel for defendant, nor was the court asked at that time to rule upon said remarks and no request was made that said statements of the county attorney should be taken down by the court reporter."

This does not show anything sufficiently prejudicial to the rights of the defendant to warrant a reversal of the judgment.

5.   The defendant complains of the refusal of the court to give certain instructions concerning the following propositions: the impeachment of witnesses, keeping liquor in a dwelling house, the evidence of witnesses who have been induced to testify under promise of reward or immunity from prosecution, and the right of the jury to disregard the testimony of a witness who has knowingly or willfully testified falsely to any material matter.   The instructions given by the court fully and correctly covered the law in the matters complained of. There was no error in not giving the instructions requested by the defendant, or in those given by the court.

The judgment is affirmed.