### UNITED STATES v. DUMAS.

(District Court, E. D. New York. February 14, 1923.)

1. Criminal law ☞242(8)—Statute of limitations cannot be raised in proceedings for removal of prisoner to another district.

The question whether a prosecution is barred by limitation is for the trial court, and cannot be raised in a proceeding for removal of a defendant to another district for trial.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. United States ⊗➔121—False statements used in support of fraudulent claim against United States need not be sworn to.**

To constitute the offense of using false statements in support of a fraudulent claim against the United States, under Criminal Code, § 35 (Comp. St. § 10199), it is not essential that such statements should be made under oath.

Proceeding by the United States against Cyril Barton Dumas for removal of defendant to the district of Massachusetts for trial. Removal ordered.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y., and Howard Osterhout, Asst. U. S. Atty., of Mineola, N. Y.

Buchner & Gilmore, of New York City, for defendant.

GARVIN, District Judge. This is a proceeding brought by the United States of America for the removal of Cyril Barton Dumas from the Eastern district of New York to the district of Massachusetts. On January 31, 1921, one Poole, a special agent of the Department of Justice, lodged a complaint against said Dumas, which charged him with an act constituting a violation of section 35 of the federal Penal Code (Comp. St. § 10199) and of section 25 of the Act of Congress of October 6, 1917, known as the War Risk Insurance Act, as amended (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514nn). A warrant was thereupon issued by a commissioner, which was returned by the United States marshal for the district of Massachusetts, with an endorsement that the defendant could not be found therein. On September 25, 1922, the defendant was apprehended in the Eastern district of New York and was taken into custody upon a warrant issued by United States Commissioner Henry L. Rasquin of the latter district. At a hearing before the latter the defendant moved to dismiss upon the ground that the statute of limitations barred any prosecution. The government presented its evidence and rested. Thereafter the commissioner held that the defendant's point was not well taken and that the defendant must be removed.

When the order of removal was presented to the court two questions were raised by the defense: I. The statute of limitations. II. The question of whether probable cause had been proved.

[1, 2] These can be settled without difficulty. The court in which the prosecution originated must pass upon the question of whether prosecution is barred by the statute of limitations. Benson v. Henkel, 198 U. S. 1, 25 Sup. Ct. 569, 49 L. Ed. 919; Haas v. Henkel, 216 U. S. 462, 30 Sup. Ct. 249, 54 L. Ed. 569, 17 Ann. Cas. 1112. With respect to whether probable cause was proved, defendant asserts, and it is admitted, that the sworn statements which defendant is charged with having made, were made before an officer whose authority to take the oath was not proved. No such proof was necessary. False statements are all that need be proved—not false statements under oath.

The application for removal is granted. Order signed.

⊗➔For other cases see same topic & KEY-NUMBER in 'all Key-Numbered Digests & Indexes