## PONTARELLI *v.* STATE OF INDIANA.

[No. 25,844. Filed June 11, 1931. Rehearing denied January 15, 1932.]

*Pickens, Davidson, Gause, Gilliom & Pickens, Eli F. Seebirt, Phillip C. Gould, Frank H. Hatfield* and *William C. Wellborn,* for appellant.

*James M. Ogden,* Attorney-General, and *Earl B. Stroup,* Deputy Attorney-General, for the State.

Roll, J.—Appellant was charged by indictment with having made out and presented for allowance to the board of public works of the city of Evansville, Indiana, a certain false and fraudulent claim in violation of §2945 Burns 1926, Acts 1905 p. 584, §685. A motion by appellant to quash the indictment was denied and a proper exception was reserved. Appellant filed his plea in abatement, to which the court sustained a demurrer, with exceptions to appellant. A motion and affidavit for a change of venue from Vanderburgh County was filed by appellant, and the State filed counter-affidavits. The court denied the change of venue, to which ruling of the court, the appellant excepted. There was a plea of not guilty, a trial by jury, and a verdict returned finding appellant guilty as charged in the indictment. A motion for a new trial was overruled, with exceptions. Thereupon, the court rendered judgment that appellant pay a fine to the State of Indiana in the sum of $10, and that he be imprisoned in the Indiana State Prison for a period of not less than two years, nor more than 14 years, and that he pay the costs and charges therein.

Appellant prosecutes his appeal to this court and predicates error upon (1) the overruling of his motion to quash the indictment; (2) in sustaining the demurrer of the State of Indiana to appellant's plea in abatement; (3) in overruling appellant's motion for a change of venue from Vanderburgh County, and (4) in overruling appellant's motion for a new trial.

The indictment is in one count and the charging part reads as follows: "The grand jurors for the County of Vanderburgh and State of Indiana, upon their oaths, present and charge that George Pontarelli, on or about the 14th day of October, A. D. 1925, at said county and state, did then and there make and enter into with the City of Evansville, an incorporated city of the second class in said county and state, said city acting by and

through its Board of Public Works, a certain contract in writing, by the terms of which said contract the said George Pontarelli covenanted and agreed to furnish all labor, materials, tools, machinery and equipment, and to construct and fully complete a certain sewer known and designated therein as the Howard Roosa sewer, in said City of Evansville, according to improvement resolution No. 1-1925 of said Board of Public Works adopted on the 12th day of August, 1925, and according to the plans, profile and specifications for said work which had theretofore been prepared and adopted by said Board of Public Works of said city to govern the construction of said sewer; that by the terms of said written contract the said City of Evansville, by and through its said Board of Public Works, contracted and agreed to compensate and pay the said George Pontarelli for the construction of said sewer;

"That thereafter, and before this presentment, the exact date of which is to these grand jurors unknown, the said George Pontarelli began the construction of said Howard Roosa sewer in said City of Evansville, Indiana, under and by virtue of the terms and provisions of said written contract hereinbefore referred to; that during the month of June, A. D. 1927, the exact day of said month being to these grand jurors unknown, the said George Pontarelli quit the construction of the said sewer under the terms, conditions and provisions of said written contract, and the said George Pontarelli then and there refused to complete the said sewer for the compensation fixed and agreed upon in said above-described written contract, and the said George Pontarelli reported to the said Board of Public Works of said City of Evansville, aforesaid, that quicksand and soil in the nature of quicksand had been encountered by him, the said George Pontarelli, in the construction of said sewer, and that he, the said George Pontarelli, would

not continue with the construction of said sewer under and by virtue of the terms and provisions of said written contract above referred to, and that he would not continue with the construction of and complete said sewer unless the City of Evansville, by and through its Board of Public Works, modified said above-described written contract for the construction of said sewer, and in said modification make provision for additional compensation to him, the said George Pontarelli, for extra construction, labor and materials which were necessary for the construction of said sewer in, along and through said quicksand and soil in the nature of quicksand, which said extra construction, labor and materials he, the said George Pontarelli, then and there represented were necessary to construct said sewer in, upon, along and through said quicksand and soil in the nature of quicksand which the said George Pontarelli then and there represented existed along the route of said Howard Roosa sewer as described in said plans, profile and specifications for said work, and which additional compensation the said George Pontarelli then and there represented was not provided for in said written contract for the construction of said sewer, and was made necessary by reason of certain obstructions encountered in the construction of said sewer, to wit, said quicksand and soil in the nature of quicksand, which said obstruction could not reasonably have been foreseen before the construction of said sewer was begun; that at the time of the said representations by the said George Pontarelli to said Board of Public Works, as aforesaid, there remained to be constructed approximately twenty-nine hundred (2900) feet of said sewer upon and along Crown avenue, in said City of Evansville, and the said George Pontarelli represented that said quicksand and soil in the nature of quicksand existed upon and along said Crown avenue in said City of Evansville;

"That thereafter, to wit, on or about the 1st day of July, A. D. 1927, the said George Pontarelli and the said City of Evansville aforesaid, acting by and through its said Board of Public Works, to which the said George Pontarelli assented, modified the original written contract for the construction of said Howard Roosa sewer which had theretofore been entered into by and between the said George Pontarelli and the said City of Evansville on or about the 14th day of October, A. D. 1925, as hereinbefore alleged, and the said City of Evansville did then and there covenant and agree with the said George Pontarelli that for five hundred (500) lineal feet of said sewer theretofore constructed by said contractor, wherein quicksand conditions had been encountered and additional construction had been used by said George Pontarelli, and for twenty-five hundred fifty (2550) lineal feet of the remaining twenty-nine hundred (2900) feet of said sewer not yet constructed, making in all three thousand fifty (3,050) lineal feet, said City of Evansville would pay unto the said contractor, George Pontarelli, in addition to the contract price set out and agreed upon in said original written contract for the construction of said sewer the following sums of money, to wit:

"Seventy-one dollars eighteen cents ($71.18) per lineal foot for each lineal foot of said three thousand fifty (3,050) lineal feet wherein the said George Pontarelli constructed said sewer upon a concrete mat twelve (12) feet in width, one (1) foot in thickness, and backed by concrete three (3) feet in thickness at each outer edge, said concrete mat to be constructed by the use of steel sheet piling and constructed in accordance with the plans and specifications theretofore adopted by the said Board of Public Works, which said plans and specifications were furnished to the said George Pontarelli; and

"Seventy-four dollars ninety-eight cents ($74.98) per

lineal foot for each lineal foot of said three thousand fifty (3,050) lineal feet wherein the said George Pontarelli constructed a wood piling foundation to support said sewer, said wood piling foundation to be constructed by said George Pontarelli by the use of steel sheet piling and in accordance with the plans and specifications adopted by said Board of Public Works, which said plans and specifications were furnished to said George Pontarelli;

"That thereafter, to wit, on or about the 1st day of July, A. D. 1927, the said contractor, George Pontarelli, resumed the construction of said Howard Roosa sewer under the provisions of said original written contract for the construction of said sewer, as modified by the passage and adoption of said resolution making provision for additional compensation to be paid said contractor, George Pontarelli, by said city for said extra construction, labor and materials, to be used and employed by said George Pontarelli in constructing said sewer upon, along and through said three thousand fifty (3,050) lineal feet of quicksand and soil in the nature of quicksand, and the said George Pontarelli in all things recognized the validity of said resolution as modifying said original written contract for the construction of said Howard Roosa sewer;

"That thereafter, to wit, on or about the 23rd day of April, A. D. 1928, at said Vanderburgh County, State of Indiana, the said George Pontarelli did then and there unlawfully, feloniously, knowingly and designedly, with intent to cheat and defraud the said City of Evansville, aforesaid, and for the purpose of procuring the allowance thereof make out, present, demand and request the allowance of a certain false and fraudulent claim, which said false and fraudulent claim was by the said George Pontarelli then and there presented to the said Board of Public Works of said City of Evansville, State of

Indiana, for the purpose of procuring the allowance thereof, and which said false and fraudulent claim was a claim against said City of Evansville and in favor of the said George Pontarelli, as contractor, for the construction of said Howard Roosa sewer, and which said claim specified, among other items, that said City of Evansville was indebted to the said George Pontarelli in accordance with the terms and provisions of said modified contract for the construction of said Howard Roosa sewer, for the construction of the concrete mat as provided for in the plans and specifications adopted by said Board of Public Works for a foundation and support for said sewer in, upon, along and through the quicksand and soil in the nature of quicksand conditions encountered by said contractor in the construction of said sewer in the sum of two hundred seventeen thousand ninety-nine dollars ($217,099), which said sum of two hundred seventeen thousand ninety-nine dollars ($217,099) was in said false and fraudulent claim set out and described as follows: Five hundred feet quicksand, at $71.18 per lineal foot, $35,590; 2,550 feet quicksand, at $71.18 per lineal foot, $181,509; that the said George Pontarelli, in presenting said false and fraudulent claim, as aforesaid, did then and there claim that said sum of two hundred seventeen thousand ninety-nine dollars ($217,099) was justly due and unpaid and owing from said City of Evansville aforesaid to said George Pontarelli for and on account of the construction of said concrete mat foundation and support under said Howard Roosa sewer upon and along Crown Avenue in said City of Evansville, as provided for in said modified contract, which said concrete mat foundation and support for said sewer the said George Pontarelli then and there claimed he had constructed for three thousand fifty (3,050) lineal feet; that in support of said claim the said George Pontarelli did then and there file with said Board of

Public Works of said City his voluntary affidavit in writing, which said affidavit is as follows, to wit:

" 'State of Indiana,

" 'County of Vanderburgh. ss.

" 'George Pontarelli, being first duly sworn, upon his oath says that he is the contractor for the construction of the Howard Roosa sewer in the City of Evansville, Indiana, under a contract between him and the City of Evansville, Indiana, dated on or about October 28, 1925; that he, the said contractor, has done and performed all work under said contract, as heretofore modified, in accordance with the plans and specifications, also as heretofore modified; that upon the completion of said modified contract, as aforesaid, this affiant personally has carefully gone over said work and he is satisfied that every item thereof is complete, and that all defects that appeared therein have been made good; that all machinery and appliances have been properly tested; that all surplus material, refuse, dirt and rubbish has been cleaned up and removed, and that the whole work is in a finished, satisfactory, neat and tidy condition, and is ready in all respects for acceptance by the City of Evansville, Indiana, and that all bills for materials and labor in connection with said work have been fully paid or satisfactorily secured.

" '(Signed) George Pontarelli.

" 'Subscribed and sworn to before me this 23rd day of April, 1928.

" '(Signed) Adolph Decker, Notary Public.

" 'My commission expires November 3, 1928.'

"That the said George Pontarelli had not constructed said concrete mat foundation and support for the said Howard Roosa sewer as provided for in the plans and specifications adopted by said Board of Public Works for the construction thereof for a distance of three thousand fifty (3,050) lineal feet of said sewer, and the said

George Pontarelli, at the time of filing said false and fraudulent claim and said affidavit in support thereof, as aforesaid, then and there well knew that he had not constructed said concrete mat foundation and support for said sewer for said distance of three thousand fifty (3,050) lineal feet; that the said George Pontarelli had, in fact, not constructed said concrete mat foundation and support for said sewer according to the plans and specifications thereof for said three thousand fifty (3,050) lineal feet, but had only constructed said concrete mat foundation and support for said sewer for a distance much shorter than the three thousand fifty (3,050) lineal feet; the number of lineal feet of said construction stated in said false and fraudulent claim, the exact number of lineal feet of said concrete mat foundation and support for said sewer that had, in fact, been constructed by said George Pontarelli, under the terms and conditions of said modified contract therefor and in accordance with the plans and specifications therefor, is to the grand jurors unknown; that the amount of money due, if any, to the said George Pontarelli from said City of Evansville, aforesaid, for concrete mat foundation and support, which the said George Pontarelli had constructed under the provisions of said modified contract therefor and in accordance with the plans and specifications therefor, was very much less than said sum of two hundred seventeen thousand ninety-nine dollars ($217,099.00), the amount stated in said false and fraudulent claim, the exact amount of money which was due and owing to said George Pontarelli from said City of Evansville, on account thereof is to the grand jurors unknown, and that said George Pontarelli, at the time he presented said false and fraudulent claim and said affidavit in support thereof, as aforesaid, then and there well knew that the said City of Evansville was not then and there indebted to him on account of the con-

struction of concrete mat foundation and support for said sewer in said sum of two hundred seventeen thousand ninety-nine dollars ($217,099.00), the amount stated in said false and fraudulent claim, but was indebted on account thereof, if at all, in a very much less amount than said sum as stated in said false and fraudulent claim," etc.

Appellant's first assignment of error is the court's ruling on his motion to quash the indictment, and makes the point that the indictment shows on its face that the contract, the subject of the alleged false claim, was between the city of Evansville, and the defendant, for the construction of a public sewer, and that there is no allegation of fact in the indictment to show that any part of the cost of the sewer was, under such contract, to be paid out of the treasury of said city. We cannot agree with appellant upon this point. The allegations of the indictment state that the contract for the construction of the sewer was between the city of Evansville and the defendant, and that the city of Evansville agreed to pay the defendant, in addition to the contract price, certain sums of money for certain work. We do not think it necessary for the indictment to show in what manner and under what conditions the city of Evansville would be liable to the defendant contractor for the construction of the sewer. It is not necessary for the indictment to specifically allege that all or any part of the cost of constructing the sewer is to be paid out of the city treasury, if it is a condition precedent to the obtaining of the money that a claim be presented to the proper city officials, and that they take some action before compensation for the work could be obtained. We will give further notice to the point when we come to considering the sufficiency of the evidence.

Appellant's second assignment of error calls in ques-

tion the action of the court in sustaining a demurrer to his plea in abatement. Appellant's plea in abatement challenges the personal qualifications of three members of the grand jury that returned the indictment. The plea in abatement alleges that three of the grand jurors, naming them, were owners of property that were assessed for the construction of the Howard Roosa sewer, and, for that reason, they were not disinterested and, therefore, not qualified jurors, being biased and prejudiced.

The qualifications for a grand juror are defined by our statute, §1833 Burns 1926, and there is no contention that the three jurors complained of did not possess the statutory requisites. Appellant did not challenge the array of the grand jury before they were sworn. It has been decided by this court that there is no statutory right to challenge by plea in abatement, individual grand jurors for favor after the return of an indictment. *Williams* v. *State* (1919), 188 Ind. 283, 123 N. E. 209; §2127 Burns 1926.

The fact that three of the grand jurors owned real estate located in the assessed area of the Howard Roosa sewer that would be assessed for the construction of said sewer would not of itself disqualify them for grand jury service so as to afford reasons for a plea in abatement, based upon that ground. *State* v. *Krug* (1895), 12 Wash. 288, 41 Pac. 126; *Commonwealth* v. *Brown* (1888), 147 Mass. 585, 18 N. E. 587, 1 L. R. A. 620, 9 Am. St. 736; *Phillips* v. *State* (1859), 29 Ga. 105; *People* v. *Bennett* (1867), 37 N. Y. 117, 93 Am. Dec. 551.

Appellant's third assignment of error relates to the overruling of his verified motion for a change of venue from Vanderburgh County. This motion and affidavit were based upon alleged bias and prejudice of the citizens of Vanderburgh County, excited by the wide publicity given the returning of the indictment against this

defendant and others who were indicted for offences connected with and growing out of the construction of the Howard Roosa sewer, and the unfavorable comment by said newspapers. The State filed counter affidavits of citizens of said county to the effect that they had a wide acquaintance with the citizenship of said county and that they believed the defendant could have a fair trial in Vanderburgh County.

In all cases not punishable by death, the granting of a motion for a change of venue on account of bias and prejudice existing in the county is within the discretion of the trial court. §2239 Burns 1926. And, unless it affirmatively appears that the trial court abused its discretion, its actions thereon will not be disturbed on appeal. *Leach* v. *State* (1912), 177 Ind. 234, 97 N. E. 792; *Hinkle* v. *State* (1910), 174 Ind. 276, 278, 91 N. E. 1090. We have read the articles published by the newspapers as set forth in the record, and the other matters contained in appellant's motion for a change of venue, and we find nothing therein whereby we should conclude that the court abused its discretion in overruling appellant's motion for a change of venue from the county.

Appellant's fourth assignment of error is the overruling of his motion for a new trial, which contains 129 separate causes. The last two reasons assigned in his motion for a new trial are: (1) The verdict of the jury is contrary to law, and (2) the verdict of the jury is not sustained by sufficient evidence. By these alleged errors, appellant contends that there is no evidence that appellant made out or presented a false claim to the board of public works of the city of Evansville as charged in the indictment.

The evidence on this point as shown by the record shows that appellant was awarded the contract for the construction of what was known as "the Howard Roosa

sewer," located in the city of Evansville, in October, 1925, and that thereafter, appellant began the work of constructing said sewer and continued work thereunder until June, 1927, when he quit and refused to proceed further with the construction of said sewer for the consideration agreed upon in said original contract. Appellant reported to the board of public works of the city of Evansville that he had encountered quicksand and soil in the nature of quicksand, along Crown Avenue, and that it would require considerable more labor, materials and expense on account of said condition than was anticipated by the original plans, which showed the subsoil to be of blue clay, and upon which he based his bid, and that the contract should be modified to meet the new condition and that extra compensation should be awarded him. The board of public works of said city employed the firm of Black and Veatch, consulting engineers, located at Kansas City, to assist them in the solution of the problem of constructing said sewer through the quicksand area which had been encountered. Said engineers inspected the quicksand area and made a lengthy report to the board of public works, and suggested in said report, among other things, two methods of construction, and itemized the cost of each. One was to construct a concrete mat some 12 feet wide and one foot thick upon which to lay the sewer barrel, and the other was to use wood piling, and lay a wood platform upon which the sewer barrel would be laid. The estimated cost of the concrete mat construction was $71.18 per lineal foot, and for wood piling construction $74.98 per lineal foot. After this report was made by said firm of consulting engineers, the board of public works of said city, on July 1, 1927, passed a resolution modifying the original contract, and therein, among other things, they provided as follows: "Whereas it is agreed by and between the City of Evansville acting by and through

this Board, and the contractor, George Pontarelli, said agreement being now consented to at this a regular meeting of the board that the additional cost for constructing the sewer through such quicksand conditions, over and above the amount fixed in the existing contract shall be seventy-one and 18/100 dollars ($71.18) per lineal foot for three thousand fifty (3,050) feet where the so-called concrete mat construction is used, and seventy-four and 98/100 dollars ($74.98) per lineal foot over and above the amount fixed in the contract where piling is used, meaning hereby that it is agreed by the said city and said contractor that the above set out prices shall apply.

"BE IT THEREFORE RESOLVED that this board finds that certain quicksand conditions exist which were not shown on the plans and profile upon which the said contractor estimated his bid and which will materially increase the cost of the work. That for the five hundred feet (500) heretofore completed by the contractor (wherein quicksand conditions were found) and for twenty-five hundred fifty (2,550) feet of the remaining twenty-nine hundred (2,900) feet of sewer not yet constructed, making in all three thousand fifty (3,050) feet, there be paid by said city in accordance with the law applicable for such payment unto the said contractor, George Pontarelli, in addition to the contract price, the sum of seventy-one and 18/100 dollars ($71.18) per lineal foot, provided, however, that if in said twenty-five hundred fifty (2,550) feet of work not yet completed it shall become necessary in the opinion of the City Engineer and the inspector that piling be used, that for the actual lineal feet where such piling is used, the additional amount per foot to be paid the said contractor shall be seventy-four and 98/100 dollars ($74.98) per foot instead of seventy-one and 18/100 dol-

lars ($71.18) per foot, the said contractor shall perform services in the manner and method and with the materials as provided by Black and Veatch as applicable thereto, all as shown in their said written report."

That, after the original contract was modified by the above resolution, the appellant proceeded with the work and completed the construction of said sewer. The work was completed in the fall of 1927. The record discloses that the appellant, in constructing said sewer, was required to do much work that was not provided for in the detailed plans and specifications, and, as the result of extra work and materials used, a controversy developed between the city of Evansville and appellant as to the amount due said appellant on account of constructing said sewer. In February, 1928, the city of Evansville appointed three reputable lawyers of said city to assist the city attorney in determining the amount due said appellant on account of the construction of said sewer.

Soon after the appointment of said lawyers, they proceeded to examine the city records relating to the construction of said sewer and consulted the city engineer, the engineer in charge of the construction of said sewer, and other city officials who had knowledge of the work done and, from such information thus obtained, said lawyers made out an itemized statement of the amount they thought was due said appellant. After this statement was completed, the lawyers representing the city, including the city attorney, met with certain lawyers representing appellant, at which conference the various items were discussed. The itemized statement prepared by the representatives of said city was not exhibited to appellant or the lawyers representing him. The twenty-ninth item of this itemized statement is as follows: No. 29. Quicksand 3,050 feet at $71.18 per lineal foot, $217,099. The total amount due the appellant on account

of constructing said sewer, as shown by this statement, and which the city of Evansville was willing to agree was due appellant, and which the city proposed to pay, amounted to $950,929.30 less $200,000 cash paid appellant during the progress of said work; leaving a balance due of $750,929.30. This itemized statement is shown in the record by State's Exhibit No. 59, and bears date of April 13, 1928. The evidence shows that the lawyers for the city and the lawyers representing appellant had at least six conferences for the purpose of reaching an agreement as to the amount due said appellant. The last of these conferences was on April 21, 1928, and appellant, together with his lawyers, was present at this conference. Appellant and the lawyers representing him had at this conference an itemized list of the items they were contending were due appellant. This instrument is shown in the record as State's Exhibit No. 41, and is similar in form to the one prepared by the representatives of the city. Said Exhibit No. 41 is the instrument relied upon by the State as being the false and fraudulent claim made out and presented to the board of public works of the city of Evansville for the purpose of procuring the allowance thereof. The evidence shows that it was used by the lawyers representing appellant at this conference in the same manner, and served the same purpose as the itemized statement prepared and used by the representatives of the city at the various conferences. The itemized statement, so prepared and used by appellant and his lawyers at this last conference, and which the State contends is the claim filed with the city, was not verified nor signed by appellant or by any one for or on his behalf. The total amount due appellant on account of constructing the Howard Roosa sewer as shown by this itemized statement so prepared by appellant was $1,123,984.39, less $200,000 theretofore paid appellant upon estimates made by the city engi-

neer during the progress of the work. The said itemized statement prepared and used by appellant and his lawyers at the conference held on April 21, 1928, like the statement prepared by the city, contained, among many items, the following item: "500 feet quicksand—$71.18 per lineal foot, $35,590.00, 2,550 feet quicksand—$71.18 per lineal foot, $181,509.00."

The evidence shows, without contradiction, that while these items (meaning the cost for constructing the concrete mat through the quicksand area) appeared on the itemized statements prepared by both the city and appellant, yet there was no controversy about this particular item. At the first conference between the representatives of the city and the attorneys representing the appellant on April 13, 1928, the compromise offer made by the city of $950,929.30 contained this item in full. The controversy between the city and appellant was at all times concerning other items of expense and materials for extra work. The evidence further shows by State's Exhibits Nos. 19 to 29, inclusive, which are copies of partial estimates made by August Pfafflin, city engineer, and copies of the resolution of the board of public works of the city of Evansville issuing certificates to appellant for various sums based upon the estimates filed with said board by the city engineer, that the city engineer had reported to the board of public works the completion of 3,050 feet of quicksand at $71.18 per lineal foot, $217,099, and that the city had issued certificates to appellant upon the estimate made and filed by the city engineer, before any controversy arose between the city and appellant over what was due appellant for constructing the Howard Roosa sewer.

The record discloses that a compromise agreement was reached by the attorneys representing the board of public works of the city of Evansville and the appellant and the attorney representing him at the conference of April

21, 1928. The total amount finally agreed upon on that date as the amount due appellant was $991,186 less the $200,000 theretofore paid appellant, leaving a balance due appellant of $791,186. On the next day, Sunday, April 22, 1928, one of the attorneys for the city wrote a letter to the board of public works informing such board of said compromise agreement, and he also prepared a resolution to be adopted by the board of public works, which resolution so prepared embodied an itemized statement of the various items and amounts, including the item for quicksand construction in the sum of $299,017, which had been agreed upon as due appellant. This resolution, together with the letter from the attorney who prepared the resolution, also the affidavit of appellant to the effect that the work of constructing the Howard Roosa sewer had been completed, was received by the board of public works on Monday, April 23, 1928, and said resolution was adopted as prepared by said attorney. An examination of the itemized statement of the amount due appellant, as agreed upon and as embodied in the final resolution, shows that the concessions made by the city and appellant related to various items, such as sewer pipe, various kinds of connections, amount and cost of different kind of material used, the number of square yards of pavement made, etc., and that no change whatever was made in the quicksand item. While the transcript of the evidence is quite voluminous, yet the above is, in substance, the evidence introduced and necessary to consider for a determination of the questions involved.

This prosecution is based upon an alleged violation of the provisions of §2945 Burns 1926, which, after eliminating certain parts thereof not pertinent to this prosecution, may be read as follows: "Whoever, knowing the same to be false or fraudulent, makes out or presents for payment, or certifies as correct to . . . the board

of commissioners or other officer of any county, or to the treasurer, or other accounting officer of any city or town, . . . any claim, . . . or other evidence of indebtedness, false or fraudulent, for the purpose of procuring the allowance of the same, or an order for the payment thereof, out of the treasury of said . . . county . . . city or town . . . shall, on conviction, be imprisoned," etc.

Appellant contends that the verdict is not sustained by sufficient evidence, because the indictment charged, in effect, that appellant made out and presented a false claim, in that he represented that said city was indebted to him in a certain amount for the construction of a "concrete mat," for a certain number of feet therein stated, whereas the proof shows that the alleged claim was not for constructing a concrete mat, but was itemized in the alleged claim as "quicksand." There is no merit in this contention. The item which is alleged to be false, and itemized by appellant in his alleged claim for $217,099 on account of quicksand for a distance of 3,050 feet, was fully understood by all the parties to be the same item, as compensation for the concrete mat, as required by the modified contract. The proof on this point supported the allegation of the indictment.

Appellant argues in his brief that the contract between the city of Evansville and himself, as modified by the resolution adopted by the board of public works of said city under date of July 1, 1927, mentioned above, did not require him to construct 2,550 feet of concrete mat before he was entitled to receive $181,509. It should be stated here that, at the time appellant reported encountering the quicksand condition to the board of public works, he had constructed the sewer for a distance of 500 feet through said quicksand

area, for which the city allowed him as additional compensation therefor the sum of $35,590, being at the rate of $71.18 per lineal foot. To this appellant was clearly entitled. Appellant construes the contract as modified to mean that he was entitled to said $181,509 extra compensation regardless of the number of feet of concrete mat laid by him in the construction of said sewer through said quicksand area, and that he was at liberty to adopt any method of supporting said sewer barrel he saw fit, provided such construction resulted in a substantial sewer. The contract as modified is contained in the resolution of the board of public works, adopted on July 1, 1927, and was introduced in evidence as State's Exhibit No. 18. A portion of said resolution is quoted, *supra*. The last part of said resolution contains a copy of a letter purported to have been signed by two members of the board of public works, and attested by the city clerk, addressed to appellant, which letter reads as follows:

"Mr. George Pontarelli, City.

"Dear Sir:

"In compliance with the requirements of section 30 of the specifications under which you are constructing the Howard-Roosa sewer, you are hereby advised to proceed with the work of construction, the additional cost of which will be paid you in accordance with the terms of the copy of the enclosed resolution. The original of this resolution is properly on record of the records of this Board.

"For five hundred feet you have already constructed and wherein you found quicksand conditions, and for twenty-five hundred and fifty feet yet to be constructed, making a total of three thousand and fifty feet, you will receive as additional compensation over that provided for in your existing contract, the sum of seventy-one and 18/100 dollars ($71.18) per lineal foot where con-

crete mat construction is followed, or seventy-four and 98/100 ($74.98) per lineal foot where piling is used.

"Very truly yours,

"Jos. Healey

"S. S. Baertich

"Members of the Board of Public Works.

"Attest: S. W. Klein, Clerk."

This letter is indicative of what the city thought the modified contract required of the contractor before he would be entitled to receive the extra compensation. A careful reading of the modified contract could lead to no other conclusion. It would be a strained construction to adopt appellant's construction of this contract. The modified contract states "that the additional cost for constructing the sewer through such quicksand condition, over and above the amount fixed in the existing contract shall be seventy-one and 18/100 dollars ($71.18) *per lineal foot* for three thousand and fifty (3,050) feet *where the so-called concrete mat construction is used,* and seventy-four and 98/100 dollars ($74.98) per lineal foot over and above the amount fixed in the contract *where piling is used,* meaning hereby that it is agreed by the said city and said contractor that the above set out prices shall apply." (Our italics.) The one purpose of the city and appellant in entering into this modified agreement was to compensate appellant for the extra expense of constructing a concrete mat or wood piling foundation occasioned by the quicksand condition. It had been determined by the city, with the assistance of a consulting engineer, furnished by the firm of Black and Veatch, that one or both of the two methods of construction mentioned in the modified contract might be used to furnish support for the sewer barrel where quicksand condition was found to exist, one method was by constructing a concrete mat and the other was by wood piling. The price per lineal

foot for each was fixed, and we must assume the parties meant just what they said, namely, that the contractor should receive as extra compensation the sum of "seventy-one and 18/100 dollars ($71.18) per lineal foot *where the so-called concrete mat construction was used."* (Our italics.) This, it seems to us, is plain and unambiguous language, and not subject to any rule of construction. *Ketcham* v. *Brazil Block Coal Co.* (1883), 88 Ind. 515, 529; *Morris* v. *Thomas* (1877), 57 Ind. 316, 322.

The evidence does not disclose how many feet of concrete mat was constructed by appellant through said quicksand area, but the evidence does show that he did not construct 2,550 feet. The evidence shows that he received compensation to the extent of $181,509 as though he had in fact constructed a concrete mat the entire distance of 2,550 feet as provided in the modified contract.

Another question for our consideration is: .Does the evidence show that appellant ever made out or presented a claim to the board of public works of the city of Evansville for the $181,509, which was in excess of what he was justly entitled to receive?

This statute above quoted, and upon which this prosecution is based, contemplates the presentation of a claim or other evidence of indebtedness to the officers named in the statute. It is true that, if appellant made out and presented to the officers named in the statute a claim for $181,509, the same need not be formal, nor need it be verified, *United States* v. *Dumas* (1923), 288 Fed. 247; *State* v. *Barrette* (1924), 124 Atl. (R. I.) 657. Appellee has cited no authority, and we have been unable to find any, where a conviction was upheld unless there was an actual presentation or filing of an instrument with the proper officer or officers.

The statutes of this state point out the ways payment

for the construction of a sewer are to be made. §§10569-10571 Burns 1926. These statutes do not contemplate the filing of a claim by the contractor. The making out of partial estimates and the issuing of certificates of indebtedness are altogether in the hands of the city officials. The statutes make no provision for any action on the part of the contractor, except to request the issuance of certificates, which requests may be oral. The city engineer makes a report to the board of public works of the amount of work completed; and, upon this report, the action of the board of works is based, and certificates issued for the proper amount found due the contractor. §10571 Burns 1926.

In all the cases we have been able to find bearing upon the question here at issue, there was a statute requiring the filing or presenting to the proper officials of a claim as a condition precedent to the allowance thereof, and there was, in fact, such an instrument filed in all of said cases. §2945 Burns 1926. *State* v. *Kelley* (1921), 27 N. M. 412, 202 Pac. 524, 21 A. L. R. 156; *Brunaugh* v. *State* (1910), 173 Ind. 483, 90 N. E. 1019; *Wilson* v. *State* (1901), 156 Ind. 631, 59 N. E. 380, 60 N. E. 1086; *Kurzrok* v. *United States* (1924), 1 Fed. (2d) 209; *United States* v. *Dumas, supra; Sprague* v. *City of Astoria* (1921), 100 Ore. 298, 195 Pac. 789. In the present case, there is no such statute. There was no claim or bill made out or presented by this appellant to the board of public works of the city of Evansville for allowance, unless it can be said to be the itemized statement prepared by appellant or his attorneys, which was to be and was used at the conference held on April 21, 1928. It is not shown by the evidence that this statement was ever filed with or presented by appellant or anyone else to the board of public works of the city of Evansville.

The final action of the board of public works was

based upon an entirely different instrument, if indeed it could be said that the action of the board of public works was based upon any instrument at all. By §10569 Burns 1926, the provisions of §10442 Burns 1926, are made applicable to the payment for sewer construction, and, by this statute, it is the completion of the work that forms the basis for the action of the board of public works, and not any instrument which might be filed by the contractor. The board of public works is given no authority to entertain, allow or order the payment of any claim which might be filed by a contractor for the construction of a sewer. Section 11090 Burns 1926 provides how a claim should be filed and allowed, and provides a penalty for a violation thereof. It is clear that appellant in this case did not follow or attempt to follow the provisions of this statute. In determining whether the action of the defendant, which the State contends constitutes the crime of presenting a false claim comes within the provision of the statute, we must remember the rule of strict construction applies to criminal statutes, and the acts complained of must fall within the letter as well as within the spirit of the law. *State* v. *Lowry* and *Lewis* v. *State* (1906), 166 Ind. 372, 77 N. E. 728, 4 L. R. A. (N. S.) 528, 9 Ann. Cas. 350; *United States* v. *Wiltberger* (1820), 5 Wheat. 76, 95, 5 L. Ed. 37. The rule has been stated as follows: "The rule of strict construction 'requires that the language shall be so construed that no cases shall be held to fall within it which do not fall both within the reasonable meaning of its terms and within the spirit and scope of the enactment. To determine that a case is within the intention of a statute, its language must authorize the court to say so; but it is not admissible to carry the principle that a case which is within the mischief of a statute is within its provisions, so far as to punish a crime not specified in the

statute, because it is of equal atrocity or of a kindred character with those which are enumerated.'" *State* v. *Lowrey, supra.* The resolution adopted by the board of public works on April 23, 1928, and which contained an itemized list of the various amounts due appellant, was dictated and prepared by the attorneys for the city. The only paper prepared by or on behalf of appellant that was ever filed with or presented to the board of public works of the city of Evansville, as disclosed by the record in this case, was an affidavit by appellant which was to the effect that the work had been completed according to contract; and it is not contended by the State that this affidavit is a claim within the meaning of the statute under which appellant is being prosecuted. We think it would be extending the scope of said §2945 Burns 1926 too far to hold that the statement prepared by appellant and used by his attorneys at the conference held on April 21, 1928, and marked as State's Exhibit No. 41, constituted "the making out or presenting" to the board of public works a false and fraudulent claim. *Brunaugh* v. *State, supra; Wilson* v. *State, supra.*

Inasmuch as the evidence fails to show that appellant made out or presented a claim to the board of public works of the city of Evansville, Indiana, for the sum of $217,099, or for $181,509, or any other sum as charged in the indictment, we, therefore, hold that the verdict is not sustained by sufficient evidence, and is contrary to law.

Appellant discusses many other alleged errors relating to the admission and exclusion of certain evidence, and the giving and refusal of certain instructions to the jury. Having reached the conclusion above announced, it is not necessary to discuss the other alleged errors.

Judgment reversed, with instructions to the lower court to sustain appellant's motion for a new trial.

#### CONCURRING OPINION (IN PART).

MARTIN, C. J.—I concur in the reversal of the judgment because of the trial court's error in refusing to admit evidence offered by appellant to show at what points quicksand conditions were actually met, what happened when such conditions were met, what construction was actually necessary and was actually used, length of time required (cost) for such construction, etc., such evidence being competent on the question of his criminal intent.

I cannot agree, however, with the holding, as a matter of law under the facts shown by the record, that the appellant did not present a false claim. The figures which he presented, supplemented by his affidavit of completion, was sufficient, in my opinion, to bring him within §2945 Burns 1926.