SAMMONS *v.* STATE OF INDIANA.

[No. 26,475. Filed November 21, 1935. Rehearing denied April 9, 1936.]

*Joseph H. Conroy,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Joseph McNamara,* Deputy Attorney-General, for the appellee.

TREMAIN, J.—This is an appeal from a judgment of the Criminal Court of Lake County on a verdict of the jury finding the appellant guilty of the crime of bribery, and further finding that prior to the commission of the offense of bribery, he had been twice convicted, sentenced, and imprisoned in penal institutions for the commission of felonies. Upon the verdict of the jury, the court rendered judgment that the appellant be imprisoned in the Indiana State Prison for not less than two nor more than fourteen years, and fined in the sum of $100.00. The court, on the finding of the jury that appellant had theretofore been twice convicted and imprisoned for the commission of felonies, entered

judgment that he be imprisoned in the Indiana State Prison for and during the remainder of his life as an habitual criminal.

On appeal the appellant has assigned as errors the overruling of his motion to quash the affidavit and the overruling of his motion for a new trial. As to the overruling of the motion to quash the affidavit, the appellant, in his brief, expressly waived that assignment of error.

One ground presented in the motion for a new trial as error is the court's refusal to grant the appellant a change of venue from the county. The affidavit for the change is founded upon excitement and prejudice in the county against him, as provided in §9-1305, Burns 1933, §2226, Baldwin's 1934, which provides that in all cases not punishable by death, it is within the discretion of the court as to whether or not a change of venue from the county may be granted. The appellant concedes that the abuse of the discretion must appear affirmatively, and if the evidence is disputed, this court will not pass upon its weight. Appellant takes the position that since the charge against him is the bribery of a deputy sheriff and that wide publicity had been given to the case by the newspapers of Lake County, the change should have been granted, and that it was an abuse of the discretion of the trial court in not granting it. The record discloses that more than twenty affidavits of citizens of Lake County were filed showing, or tending to show, that there was no excitement or prejudice in the county against the appellant. Upon the facts submitted to the court, the motion was denied. This court is not in a position to weigh the evidence or to say that the trial court abused its discretion.

Our courts have held uniformly that it is within the discretion of the trial court to grant or refuse to grant

a change of venue from the county in cases where the punishment cannot be death, and the action of the trial court will not be reversed on appeal unless there is an abuse of discretion. *Hinkle* v. *State* (1910), 174 Ind. 276, 91 N. E. 1090; *Leach* v. *State* (1912), 177 Ind. 234, 97 N. E. 792; *Smith* v. *State* (1917), 186 Ind. 252, 115 N. E. 943; *Hinshaw* v. *State* (1919), 188 Ind. 447, 124 N. E. 458; *Burns* v. *State* (1922), 192 Ind. 427, 136 N. E. 857; *Pindell* v. *State* (1925), 196 Ind. 175, 147 N. E. 711; *Scheerer* v. *State* (1925), 197 Ind. 155, 149 N. E. 892; *Pontarelli* v. *State* (1932), 203 Ind. 146, 176 N. E. 696; *Chizum* v. *State* (1932), 203 Ind. 450, 180 N. E. 674; *Ramsey* v. *State* (1932), 204 Ind. 212, 183 N. E. 648.

To say the least, the evidence on the application for a change of venue was conflicting. In such case the question is not reviewable on appeal. *Smith* v. *State* (1896), 145 Ind. 176, 42 N. E. 1019; *Masterson* v. *State* (1895), 144 Ind. 240, 43 N. E. 138; *Bissot* v. *State* (1876), 53 Ind. 408.

The ruling of the trial court on a motion for a change of venue, as to the existence of excitement and prejudice upon conflicting evidence, is a determination of an issue of fact, and is conclusive on appeal. *Scheerer* v. *State, supra; Hinshaw* v. *State, supra.*

It is next contended by the appellant that since it is charged in the affidavit that he had been four times convicted of a felony and sentenced and imprisoned in penal institutions within the limits of the United States, it was necessary for the state to prove by competent evidence all four of such sentences and imprisonments, and it is contended that proof of only two of such sentences and imprisonments will be insufficient under §9-2207, Burns 1933, §2343, Baldwin's 1934, defining an habitual criminal and providing for a life sentence in such case. It is conceded

by appellant that the evidence is sufficient to establish two of the former convictions, sentences, and imprisonments in the state of Illinois. The court has examined the proof as disclosed by the records given at the trials of said two former convictions. It is found to be conclusive and uncontradicted, and there could be no doubt in the minds of the jury that this appellant had been twice convicted, sentenced, and imprisoned on felony charges.

As to the other two, appellant contends that the proof is not sufficient for the reason that the records are not sufficiently authenticated as provided by law; that, therefore, it was reversible error to admit them in evidence over the objection of appellant. It may be conceded that the authentications are not in due form, but at the trial, in addition to the purported authentications of the records of the two convictions in question, officers of both the courts and the prisons testified in person. The court officers stated that they were present at the trials, saw the appellant, and knew him; that he was the same person on trial on the charge herein; and that he was convicted and sentenced to prison on a felony charge in each case. The prison officials identified him as the same person who served the sentence in the prisons under such convictions. This proof was sufficient to identify the appellant as the one convicted, sentenced, and imprisoned under said former charges. No error is predicated upon the testimony of the prison and court officials. The purported authenticated records afforded corroborative and accumulative proof, not required to establish said convictions in view of the other evidence. No reversible error was committed in admitting the authenticated records. *Massachusetts Bonding & Insurance Co.* v. *State ex rel. Gary* (1922), 191 Ind. 595, 608, 131 N. E. 398.

The question is raised as to the necessity of the state to prove more prior convictions than the statute re-

quires, regardless of the number alleged in the affidavit or indictment. The statute (§9-2207, *supra,* §2343, Baldwin's 1934) provides that:

"Every person who, after having been twice convicted, sentenced and imprisoned in some penal institution for felony . . ."

shall be convicted in any circuit or criminal court of this state for a felony committed, shall be termed an habitual criminal and shall be imprisoned in the state prison for life. The verdict of the jury expressly stated that the appellant had been twice previously convicted, sentenced, and imprisoned.

This court has not been called upon prior to this time to pass upon the precise question here presented. Courts of other states, which have habitual criminal statutes, have had occasion to pass upon the question, and have held that indictments may charge more prior convictions than are required by law to be proved, and that in such cases it is necessary to prove only the number required by the habitual criminal statute. *Newton* v. *The Commonwealth* (1844), 8 Metcalf (Mass.) 535; *State* v. *Patterson* (1916), 98 Kan. 197, 157 Pac. 437; *Commonwealth* v. *Payne* (1913), 242 Pa. 394, 89 Atl. 559; *Iowa* v. *Jones* (1904), 128 Fed. 626; *People* v. *Fegelli* (1914), 163 App. Div. 576, 148 N. Y. Supp. 979; *Barr* v. *State* (1933), 205 Ind. 481, 187 N. E. 259; *Evans* v. *State* (1898), 150 Ind. 651, 50 N. E. 820; also, see Annotation, 58 A. L. R. 20.

Pennsylvania has a statute which provides that if any person has been convicted of any offense, other than murder in the second degree, for which punishment is prescribed, and after such conviction, shall be guilty of a similar offense, his punishment shall be double the whole period of time prescribed for the crime upon which he was convicted. In *Commonwealth* v. *Payne, supra,* the appellant was charged with voluntary man-

slaughter, and it was further charged that prior thereto he had been convicted of voluntary manslaughter in 1891 and of rape in 1895. The charge of rape being of a different nature than voluntary manslaughter, the appellant objected and moved that that charge be withdrawn from the jury's consideration, for the reason that only one conviction of a former offense can be averred and proved, and that by making proof of the conviction of two offenses, especially the offense of rape, the jury would be prejudiced thereby, and influenced in arriving upon a verdict in the trial of the immediate charge against appellant. Proof of that crime was permitted, but the court instructed the jury that insofar as that conviction and all convictions of prior offenses were concerned, they should not operate against the appellant in the trial; that he was being tried for the offense alleged to have been committed January 26, 1913, and the fact that he may have committed offenses in 1891 and 1895, whether of the same or different character, should not militate against him or bring about a conviction. The jury was told not to consider any prior convictions in deliberating upon the immediate charge; that the former convictions were matters for the information of the court. The verdict and judgment of guilt were affirmed.

In *Newton* v. *The Commonwealth, supra,* the plaintiff in error was convicted as one who had been convicted upon two prior charges. The information set forth three previous convictions. One of them was upon a judgment which had been reversed, and the plaintiff in error claimed that his conviction should be reversed for the reason that one of the previous charges made against him was not sustained. That court said (p. 536) :

"But the court are of opinion that, as the law requires only two previous convictions, and awards no additional punishment for any number of convictions exceeding two, the judgment is well sus-

tained by the two valid convictions, and is not erroneous."

In *People* v. *Fegelli, supra,* the appellant was convicted of a crime, and penalty was fixed under a statute providing therefor. The indictment charged two prior convictions. Upon the trial appellant objected and demanded that the state be required to elect upon which prior conviction it would stand, but it was held that the prosecutor was not confined to only one prior conviction where two were set out in the indictment. The court said (p. 580) :

> "The legislative purpose is to impose a longer period of imprisonment on prior offenders. Fegelli was not here convicted on account of the prior convictions which he had expiated. But when convicted of the crime now charged, if identified by the verdict as an habitual offender, he was to be punished according to that class of old offenders. One prior conviction brought him within that class, and two prior convictions would do no more."

*State* v. *Patterson, supra,* is to the same effect. The Kansas statute provided for additional penalty where there had been one previous conviction. The indictment charged three, and the court held that the state may charge and prove more than one previous conviction, and the defendant not be prejudiced thereby.

In *Iowa* v. *Jones, supra,* there was a petition for a writ of habeas corpus, charging that the petitioner had been three times convicted before his conviction by the jury upon a charge then pending against him under a statute which only required two prior convictions, and because the charge contained three, the appellant contended that the judgment was void. The court held otherwise, and among other things said (p. 630) :

> "Two prior convictions would bring the accused into the class, and twenty prior convictions would do no more."

It seems to be the settled law everywhere that the charge and proof of the prior convictions can have nothing to do with the proof and conviction of the ██ offense for which the defendant may be upon trial; that a statement of previous convictions does not change the offense. The jury does not find the person guilty of the previous offenses; they are matters of history and are alleged and proved for the sole purpose of placing the defendant in a class of habitual criminals, and affect the punishment or term of imprisonment to be meted out.

Section 9-2208, Burns 1933 (§2344, Baldwin's 1934) requires the jury to find the fact that the defendant had been convicted previously of two different offenses. The jury found that fact in the instant case. It was not necessary to allege and prove four previous convictions and imprisonments. All convictions, more than two, may be treated as surplusage. Doubtless, the better practice would be to have proof of the previous convictions made to the court, out of the presence of the jury, but the statute of this state does not so provide.

The sufficiency of the evidence to sustain the verdict is questioned by appellant. Two witnesses testified positively as to the bribery. No one disputed their testimony. The appellant did not testify in his own behalf. The evidence of those witnesses was sufficient to warrant the verdict and judgment.

Finding no reversible error in the record, the judgment is affirmed.