## McCARREN et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. October 29, 1925.)

No. 3541.

**1. Intoxicating liquors ☞222—Negativing exceptions held unnecessary.**

Under National Prohibition Act, tit. 2, § 32 (Comp. St. Ann. Supp. 1923, § 10138½s), it is not necessary in any indictment to include any defensive negative averment, and, even in absence of such statute, it is unnecessary to negative exceptions found in section 1, tit. 2, of act (Comp. St. Ann. Supp. 1923, § 10138½).

**2. Intoxicating liquors ☞215—Alleging that liquor was sold for beverage purposes held unnecessary.**

Where indictment charged defendant with unlawfully selling intoxicating liquor which was fit for use for beverage purposes, and which possession was prohibited and unlawful and contrary to statute, it was unnecessary to further allege that liquor was sold for beverage purposes.

**3. Indictment and information ☞114—Allegation of previous conviction of violation of National Prohibition Act required in indictment.**

To warrant conviction of accused as second offender under National Prohibition Act, tit. 2, § 29, subds. 1, 2 (Comp. St. Ann. Supp. 1923, § 10138½p), prosecutor is required to allege in indictment or information that defendant has previously been convicted of violation of act.

**4. Criminal law ☞1202(4)—Jury should pass on prior conviction, and defendant's alleged identity with accused convicted previously.**

In view of National Prohibition Act. tit. 2. § 29, subds. 1, 2 (Comp. St. Ann. Supp. 1923, § 10138½p), requiring allegation that defendant has previously been convicted of violation of act, jury should pass on prior conviction and defendant's alleged identity with accused convicted on previous trial; former conviction, not guilt, being involved.

**5. Criminal law ☞1202(4)—Manner of presentation of issues of former conviction discretionary.**

In prosecution of accused as second offender under National Prohibition Act, tit. 2, § 29, subds. 1, 2 (Comp. St. Ann. Supp. 1923, § 10138½p), manner in which issues of prior conviction and defendant's alleged identity with person convicted on previous trial, should be presented to jury is discretionary with trial judge.

**6. Indictment and information ☞114—Charging defendant with sale of intoxicating liquor, and by additional count charging identical sale as second offense held proper.**

In prosecution for violation of National Prohibition Act, tit. 2, § 29, subds. 1, 2 (Comp. St. Ann. Supp. 1923, § 10138½p), it was proper first to charge defendant with sale of intoxicating liquor on named day, and by additional count charge him with identical sale as a second offender.

**7. Indictment and information ☞114—Issues of unlawful sale and second offense therein properly presented under single count.**

In prosecution for violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), issues as to unlawful sale and second offense therein could, by appropriate instructions, be presented under single count, but court should make it clear that jury should determine issues thus raised.

**8. Criminal law ☞1202(6)—In conviction on counts charging violation of prohibition law and second offense therein there can be but one sentence.**

In prosecution for violating National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), where first count charged sale of intoxicating liquor on named date and next count charged second offense, under section 29, subds. 1, 2, tit. 2, of act (Comp. St. Ann. Supp. 1923, § 10138½p), in case of conviction on both counts there can be but one sentence.

In Error to the District Court of the United States for the Northern Division of the Southern District of Illinois.

Alex McCarren and Arthur Wall were convicted of unlawful possession of intoxicating liquor, selling intoxicating liquor, and maintaining a nuisance, and defendant McCarren was also convicted of selling intoxicating liquor as a second offender, and they bring error. Judgment affirmed as to defendant Wall; affirmed as to defendant McCarren in part only.

I. R. Wasson, of Peoria, Ill., for plaintiffs in error.

Gertrude B. Warner, of Peoria, Ill., and Thomas Williamson, U. S. Atty., of Springfield, Ill., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. The plaintiffs in error were tried upon charges presented by an indictment covering twelve counts, and with the result that McCarren was convicted on ten and Wall was convicted on five counts. The charges included unlawful possession of intoxicating liquor, selling intoxicating liquor (different counts covered different dates), maintaining a nuisance, and selling intoxicating liquor as a second offender.

The severer punishment was administered in McCarren's case upon his conviction as a second offender (under the fourth count), and the only assignments of error worthy of especial attention deal with this count and the trial thereunder.

As to Wall, the writ of error might well be disposed of without opinion. He was

convicted upon evidence that left no doubt as to his guilt, of selling intoxicating liquor on the 18th of August, and again on the 21st of August, as well as of unlawfully possessing intoxicating liquor on the 18th of August, 1924. In addition, the evidence warranted the jury in finding him guilty of maintaining a nuisance as charged in count 12.

The assignments of error that deal with the second conviction count are of no avail to him. In fact, his writ of error might be dismissed with the observation that its prosecution was obviously for the purpose of delay.

[1] Counts 3 and 4 are attacked, because they do not negative the exception found in section 1, tit. 2, National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½). Section 32 of the act (Comp. St. Ann. Supp. 1923, § 10138½s), which especially provides that "it shall not be necessary in any * * * indictment * * * to include any defensive negative averment," sufficiently answers this criticism. Even in the absence of this statute, it would not have been necessary to negative the exception. Jelke v. United States, 255 F. 264, 166 C. C. A. 434.

[2] Nor was it necessary, after charging the defendant "with unlawfully selling certain intoxicating liquor," and "which said liquor was then and there fit for use for beverage purposes * * * and which said possession was then and there prohibited and unlawful and contrary to the form of the statute," etc., to allege that such liquor was sold for beverage purposes. Hensberg v. United States (C. C. A.) 288 F. 370; Goldberg v. United States (C. C. A.) 277 F. 211.

[3] Respecting the practice which should obtain where defendant is being prosecuted as a second offender, there exist some differences of opinion. In view of the frequency with which this section (section 29, tit. 2, National Prohibition Act [Comp. St. Ann. Supp. 1923, § 10138½p]) is being invoked, it might be well to here consider this practice.

Section 29, par. 1, reads as follows:

"Any person who manufactures or sells liquor in violation of this title shall for a first offense be fined not more than $1,000, or imprisoned not exceeding six months, and for a second or subsequent offense shall be fined not less than $200 nor more than $2,000 and be imprisoned not less than one month nor more than five years."

In paragraph 2 we find the following:

"It shall be the duty of the prosecuting officer to ascertain whether the defendant has been previously convicted and to plead the prior conviction in the affidavit, information, or indictment."

The constitutionality of statutes, imposing a severer punishment in case of a second offense, has frequently been before the courts. Moore v. Missouri, 159 U. S. 673, 16 S. Ct. 179, 40 L. Ed. 301; McDonald v. Massachusetts, 180 U. S. 311, 21 S. Ct. 389, 45 L. Ed. 542. Speaking of such statutes, in the last-cited case the court says:

"The statute under which it was rendered is aimed at habitual criminals; and simply imposes a heavy penalty upon conviction of a felony committed in Massachusetts since its passage, by one who had been twice convicted and imprisoned for crime for not less than three years, in this, or in another state, or once in each. The punishment is for the new crime only, but is the heavier if he is an habitual criminal. * * * The allegation of previous convictions is not a distinct charge of crimes, but is necessary to bring the case within the statute, and goes to the punishment only. The statute, imposing a punishment on none but future crimes, is not ex post facto. It affects alike all persons similarly situated, and therefore does not deprive any one of equal protection of the laws."

A complete collection of authorities upon the question of practice may be found in the opinion of Judge Munger, in Massey v. United States (C. C. A.) 281 F. 293. The issues which should be tried and the manner of trial are defined in Graham v. West Virginia, 224 U. S. 616, 32 S. Ct. 583, 56 L. Ed. 917.

[4] In view of the statute heretofore quoted and the decisions above cited, it would appear that the prosecutor is required to allege in the indictment or information that defendant has previously been convicted of a violation of the National Prohibition Act. The issues thus presented should be submitted to the jury. In other words, the jury should pass upon (a) the prior conviction, and (b) defendant's alleged identity with the accused convicted on the previous trial. Defendant's conviction on the previous trial, not his guilt, is involved under (a).

[5] How these issues should be presented to the jury, is, we think, a matter largely discretionary with the trial judge. The essential thing is that the jury determine whether defendant has been previously convicted.

[6] We approve of the practice followed in the present case. Defendants were first charged (count 3) with the sale of intoxicating liquor on the 18th day of August, 1924. By the next count (No. 4) McCarren was charged with the identical sale, but it was further alleged:

"And the grand jurors aforesaid, upon their oath do further present, that the above offense is the second offense of the said Alex McCarren, in this, that at the October term, A. D. 1921, of this court an indictment was duly returned against the said Alex McCarren; that the first count of said indictment charged the said Alex McCarren with unlawful sale of intoxicating liquor on the 17th day of May, A. D. 1921, in violation of the National Prohibition Act; that said indictment was duly filed with the clerk of said court in the case of the United States v. Alex McCarren et al., No. 1687; that thereafter at the April term, A. D. 1922, of said court on the 8th and 9th days of May, A. D. 1922, the said Alex McCarren was tried by a jury and found guilty as charged in the first count of said indictment, and that thereupon the said Alex McCarren was by the court on the 11th day of May, A. D. 1922, sentenced to pay a fine of $500 and costs and to imprisonment in the McLean county jail for a period of six months; that thereafter on the 11th day of May, A. D. 1922, a writ of error was allowed to the Circuit Court of Appeals, which writ of error was on the 5th day of April, A. D. 1923, dismissed by the Circuit Court of Appeals and mandate issued."

[7] The jury was thus permitted to find and did find separately on each count of the indictment—in other words, upon each of the two issues. No doubt the same issues could, by appropriate instructions, be presented under a single count. In such case the court should make it clear that the jury should determine the issues thus raised and record its finding. It is not necessary, however, that this be done by a special verdict. The foreman, in announcing the verdict, may remove all uncertainty. In fact, it is not uncommon practice, under an indictment or information charging a felony where the jury may find the accused guilty merely of a misdemeanor, to accept the oral announcement of the foreman as the equivalent of a special verdict.

[8] In case of a conviction on both counts (where the case is submitted as the instant one was presented to the jury), the court must, however, bear in mind that there can

be but one sentence. As stated in McDonald v. Massachusetts, supra:

"The allegation of previous convictions is not a distinct charge of crimes, but is necessary to bring the case within the statute, and goes to the punishment only."

We think the court erred, therefore, in imposing a fine on McCarren under count 3 of the indictment.

The judgment is affirmed as to Wall, and also affirmed as to McCarren in all respects save for the imposition of a fine of $1 under count 3 of the indictment.