METZGER *v.* STATE OF INDIANA.

[No. 26,916. Filed March 10, 1938. Rehearing denied May 10, 1938.]

*William G. White, Herbert Hartman* and *Arthur Jones,* for appellant.

*Omer S. Jackson,* Attorney-General, and *Glen L. Steckley,* Deputy Attorney-General, for the State.

TREMAIN, J.—The appellant was charged by affidavit in three counts, to wit: (1) robbery, (2) robbery by

the use of firearms, and (3) conspiracy to commit a felony. In each count he was charged further with having been convicted, sentenced, and imprisoned in penal institutions twice for the commission of felonies. Trial by jury resulted in a verdict of guilty on the second count of the affidavit, and that he had been convicted theretofore as charged. Judgment was entered on the verdict that the appellant be imprisoned in the Indiana State Prison for a period of twenty years upon the second count of the affidavit, and, further, that he be imprisoned in the Indiana State Prison for the remainder of his life as an habitual criminal. A motion for a new trial was filed and overruled, upon which error is predicated.

The first question presented and relied upon by appellant is the giving of Instruction No. 11, as follows:

"Now, the defendant has taken the witness stand and testified in his own behalf. In so doing, he becomes a witness for himself, and you will scrutinize his testimony as you would that of any other witness, and regard him as a witness in the cause."

The appellant asserts: "It was error for the Court to use the word 'scrutinize' in reference to the testimony of the defendant, when he had not in the instructions used this word in reference to the testimony of any other witness, for the reason that this word implies, as used in this instruction, closer inspection or examination of the defendant's testimony, and invites the jury to view his testimony with suspicion." This is the only point made by appellant in objecting to the instruction. It is not objected to upon the ground that it singles the defendant out and directs special attention to him as a witness. The instruction directs no closer scrutiny of the appellant's testimony than it does of the testimony

of other witnesses. It says: "You will scrutinize his testimony as you would that of any other witness . . ."

The court gave the usual stock instruction upon determining the credit to be given the testimony of the witnesses and told the jury that they may take into consideration the demeanor of a witness upon the witness stand, his apparent candor, frankness, fairness, or the want of these characteristics, his interest or lack of interest, his intelligence, etc. No objection is made to this instruction.

As stated in *Kell* v. *State* (1924), 194 Ind. 374, 379, 142 N. E. 865: "The general rule of law upon the subject of testimony of the defendant is 'that the testimony of the defendant shall be considered the same as the testimony of any other witness.'" The court did not state to the jury by Instruction No. 11 that it should scrutinize the defendant's testimony in any manner different from that of any other witness. On the contrary, the instruction places him on an equality with all other witnesses. The instruction is more favorable to the appellant than is the stock instruction usually given by courts to juries upon the subject of bias, interest, etc. The appellant was not prejudiced by this instruction.

The next error relied upon by appellant is ██ based upon Instruction No. 24, given by the court to the jury upon its own motion, as follows:

"Certain evidence has been given in this cause as tending to show and establish prior conviction of the defendant of other crimes than the offenses herein charged.

"In your deliberations upon the guilt or innocence of the defendant of the offenses charged in the several counts of the affidavit, you will regard and consider such evidence of former convictions, if any, merely for the purpose of determining the credibility of the testimony of the defendant, the only witness whose testimony the same could affect,

and you will in no sense regard it as evidence of the likelihood or possibility of the defendant having committed any one or all of the offenses charged in the several counts of the affidavit."

When the court stated to the jury that "you will regard and consider such evidence of former convictions, if any, merely for the purpose of determining the credibility of the testimony of the defendant," it thereby misinformed the jury as to the purpose and use of the testimony establishing former convictions. At the time the state introduced its evidence of former convictions, the appellant had not taken the witness stand to testify in his own behalf. It was not then known that he would testify. His credibility could not be attacked until he had testified as a witness. After he had testified it would have been proper to have cross-examined him as to the other convictions.

An examination of the record in this case discloses that the defendant was called and testified as a witness in his own behalf; that he was cross-examined as to one of the former convictions charged in the affidavit; that as to the other former conviction, he was not examined either on direct or cross-examination. Therefore, when the court told the jury that it may consider evidence of former convictions for the purpose of determining the credibility of the defendant, the statement was correct when applied to the conviction upon which he had been cross-examined, but it was incorrect and erroneous when applied to the former conviction, upon which he had not been examined. This is true for the reason that it has been held by the Supreme Court in this state and in other jurisdictions, that the allegation and proof of former convictions are alleged in the affidavit or indictment, and shown upon the trial, for the single purpose of classifying the defendant as an habitual criminal, and for no other purpose. The jury

has no right to consider such proof as bearing upon the charge for which the defendant is upon trial, except in so far as he has been cross-examined concerning those convictions; and in that case, the former convictions are taken into consideration by the jury as bearing upon the defendant's credibility, the same as in a charge of felony against a defendant where there is no charge, or attempt to show, that he is an habitual criminal.

The statute, Sec. 9-2208 Burns' Ind. St. 1933, §2344 Baldwin's 1934, provides that the indictment or affidavit shall allege that the defendant previously had been convicted, sentenced, and imprisoned twice in some penal institution for felonies, describing each separately, in order to classify the defendant as an habitual criminal. The statute then provides that, if the jury finds these facts to be true, it is the duty of the trial court, after passing sentence of imprisonment for a specific term as prescribed by the statute, to then sentence the defendant for life as an habitual criminal. It is not correct to say to the jury that it may consider the former convictions for any other purpose, except when the defendant has been cross-examined upon his former convictions. A statute of this nature should be strictly construed. Its provisions should not be extended by construction, and, where, as in the case now under consideration, proof of former convictions had been made, that proof must be considered separate and apart from the proof upon the offense charged. Since the defendant was not cross-examined as to one of the previous convictions, the court committed reversible error in telling the jury that the former convictions may be considered as affecting the defendant's credibility as a witness. *Sammons* v. *State* (1936), 210 Ind. 40, 199 N. E. 555; 58 A. L. R. 20; 82 A. L. R. 345.

The appellant predicates error upon the court's instructions Nos. 36 and 37. These instructions, together

with Nos. 34 and 35, pertain to former convictions and tell the jury that, before it may find that the defendant was convicted, sentenced, and imprisoned for the commission of a felony, the evidence of such conviction, sentence, and imprisonment shall be sufficient to satisfy the jury beyond a reasonable doubt. The instructions further limit the jury to the consideration of the charges described in the affidavit. There is no error in giving these instructions, or any one of them.

Nor is any error discovered in the court's instructions Nos. 40 and 41, in which the jury was informed that it must find beyond a reasonable doubt that the defendant, Dale Metzger, is the same Dale Metzger charged to have been previously convicted, sentenced, and imprisoned.

Objection is made to the introduction in evidence of state's exhibits F, F-3, and F-4, being photostatic copies of an order of commitment of appellant to the Federal penitentiary at Leavenworth, because they were not duly authenticated. It is necessary for the state to produce duly authenticated copies of the charge, conviction, and commitment of the defendant upon the former trials in order to entitle them to admission in evidence. At the conclusion of the state's evidence, the court withdrew these exhibits from the consideration of the jury. Objection is made to the manner of these withdrawals. The court did not specifically state to the jury that it should not consider these exhibits for any purpose. Since the case must be reversed because of error in giving court's instruction No. 24, it is not necessary to discuss the questions of authentication or withdrawal of the exhibits, as such questions are not likely to arise on another trial.

Judgment reversed.