WITTE *v.* STATE OF INDIANA

[No. 28,612.   Filed March 15, 1950.]

*James C. Cooper*, Public Defender, for appellant.

*J. Emmett McManamon*, Attorney General; *Charles F. O'Connor* and *Merl M. Wall*, Deputy Attorneys General, for appellee.

STARR, J.—On September 26, 1936, the appellant herein was charged by affidavit in the LaPorte Superior Court with the crime of forgery and being an habitual criminal as defined by § 9-2207, Burns' 1942 Replacement. This cause was docketed as criminal cause No. 1403 in said court.

The minutes of the trial court of September 28, 1936, contains the following entry in this cause:

"Defendant arraigned. Enters a plea of guilty. Def. 29 years of age. Def. sentenced to Indiana State Prison for and during his life."

Again on said date the following order was entered in the order book of said court in this cause:

"Comes now the State of Indiana, by Clarence T. Sweeney, Deputy Prosecuting Attorney, and

comes also the defendant in his own proper person, and being present in open court, and being arraigned and being required to say how he will acquit himself of the charge made against him in the affidavit filed herein, for plea thereto says that he is guilty as charged, to-wit: Forgery and Habitual Criminal, and the court now finds said defendant guilty as charged.

"The court further finds said defendant's age to be twenty-nine (29) years.

"It is therefore considered, adjudged and decreed by the court that said defendant, for the offense by him committed be sentenced to the Indiana State Prison, for and during the period of his life, from this date.

"It is further considered, adjudged and decreed by the court that said defendant pay the costs and charges of this action.

"And the sheriff of LaPorte County, Indiana, is charged with due execution of this judgment."

By § 9-2208, Burns' 1942 Replacement, it is provided in a cause such as we have before us that the trial court, after the conviction of the defendant for the third felony, *"after passing sentence of imprisonment for a specific term, as prescribed by the statute,* shall proceed to sentence the defendant to imprisonment for his or her life" (Our italics). It will be noted that in the foregoing judgment the court failed to pass sentence for a specific term for the third felony.

On June 4, 1947, the State of Indiana petitioned the trial court to enter *nunc pro tunc* as of September 28, 1936, a judgment to include a sentence for a specific term for forgery as prescribed by statute as well as the sentence for life. The appellant, who was then serving his life sentence at the state prison was served with notice of this petition but did not appear in person or by attorney.

On June 11, 1947, the trial court granted the prayer of this petition and entered a judgment *nunc pro tunc* as of September 28, 1936, wherein he included first the sentence as provided by law for the third offense and then the sentence to life imprisonment as an habitual criminal.

No question as to procedure has been presented. The only question submitted for our determination is whether the trial court erred in entering said *nunc pro tunc* order of June 4, 1947.

It is admitted by the appellee that the only written memorial or record upon which this order was made was the trial court's minutes above set out of September 28, 1936, and that the order was made on the theory that these minutes were sufficient to justify this entry.

It is hardly necessary to cite authority that after the term it was rendered the final judgment of September 1936 could not be changed or altered by an order *nunc pro tunc* except upon evidence consisting of some written memorial or record. See *Cook* v. *State* (1941), 219 Ind. 234, 37 N. E. 2d 63. There is nothing contained in said minutes of September 28, 1936, which would even remotely indicate that the trial court did pronounce on that date judgment for a specific term of forgery.

It is argued by the appellee that this order *nunc pro tunc* was harmless as it could not affect the judgment of September 28, 1936. We are not called upon to decide as to the validity of the original judgment but see *Goodman* v. *Kunkle* (1934), 72 F. 2d 334, where a similar judgment was discussed. Certainly appellant should have the right to complain of the added sentence imposed in the order *nunc pro tunc*. It was error to enter this order and the trial

court is hereby ordered to expunge same from its records.

Young, J., not participating.

NOTE.—Reported in 90 N. E. 2d 802.