WOODS *v.* STATE OF INDIANA.

[No. 29,268. Filed November 30, 1955.]

600

*Charles H. Wills*, of South Bend, for appellant.

*Edwin K. Steers*, Attorney General, and *Owen S. Boling*, Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from the judgments of conviction of the defendant-appellant for crimes of driving while under the influence of intoxicating liquor, following verdicts of guilty in the St. Joseph Circuit Court. The appellant was charged by an affi-

davit in three counts. Count No. 1 contained the charge of driving while under the influence of intoxicating liquor, with the additional allegation that the appellant had been previously convicted of a like offense in June, 1949.

Count No. 2 was merely a charge of driving while under the influence of intoxicating liquor.

Count No. 3 was a charge of driving while under the influence of intoxicating liquor at the same time alleged in Counts Nos. 1 and 2, with additional allegation that prior thereto the appellant had been convicted of a like offense on May 10, 1950. A jury returned a verdict of guilty on all three counts. The court sentenced the appellant to the Indiana State Prison on Count No. 1 for a period of not less than one nor more than three years. The appellant was sentenced on Count No. 2 to the Indiana State Farm for a period of six months and fined $100. The fine was suspended and the sentence was to run concurrently with that of Count No. 1. The court sentenced the appellant on Count No. 3 for a period of not less than one nor more than three years at the Indiana State Prison and fined him $200. The court suspended the latter fine and provided that the sentence should run concurrently with both Counts Nos. 1 and 2.

The appellant complains on this appeal of alleged remarks made by the trial court concerning the admissibility of certain evidence with reference to whether or not the appellant was represented by counsel at the time of his prior convictions. The prior convictions were not introduced for the purpose of showing the guilt of the appellant but merely for the purpose of showing that, in event appellant was found guilty as charged, it would constitute a subsequent

offense under Counts Nos. 1 and 3, and for the consideration of the jury as to the amount of punishment. *Sammons* v. *State* (1936), 210 Ind. 40, 199 N. E. 555.

Objections to the remarks of the court were not raised by the appellant in his motion for a new trial and are, therefore, not matters which we may consider on this appeal. The record does not show the appellant requested the trial court to give to the jury any instructions to disregard the remarks to which the appellant now objects. At any event, the remarks were such that they would not have been reversible error. *Watts* v. *State* (1950), 229 Ind. 80, 95 N. E. 2d 570.

The appellant also claims error by reason of the court's refusal to give the appellant's tendered instruction No. 1. The appellant has failed to set out in his brief all the instructions given. As a result it is impossible for this court to determine without searching the record whether or not the trial court was justified in refusing such instruction because the subject of the instruction may have been adequately covered by other instructions given the jury.

Rule 2-17 of this court requires appellant's brief contain "so much of the record as fully presents every error and objection relied upon . . . When error is predicated on the giving or refusal of instructions, the statement of the record must contain, in addition to the instructions given or refused which are complained of, all the instructions given or tendered which have a bearing upon the questions raised."

No question is presented to this court on the propriety of the trial court's refusal to give the tendered instruction. *Lake Erie, etc., R. Co.* v. *Holland* (1904), 162 Ind. 406, 69 N. E. 138; *Hammond, etc., R. Co.* v. *Kasper* (1919), 71 Ind. App. 328, 123 N. E. 360; *Rein-*

*hold* v. *The State* (1891), 130 Ind. 467, 30 N. E. 306; *McIntosh* v. *The State* (1898), 151 Ind. 251, 51 N. E. 354.

Under the specification that the verdict of the jury is not sustained by sufficient evidence, the appellant claims that there is no evidence showing that the appellant was the driver of the automobile at the time of the alleged offense. On appeal we may not weigh the evidence and may consider only that which is most favorable in support of the verdict. *Burton* v. *State* (1953), 232 Ind. 246, 111 N. E. 2d 892; *Chambers* v. *State* (1953), 232 Ind. 349, 111 N. E. 2d 816.

The evidence does show that the driver of the automobile with which appellant's car collided, saw the appellant get out of his automobile from the door at the driver's seat. This witness further stated that he recognized the appellant and had known him personally before; that the appellant immediately following the accident made the remark, "I did not see you coming around the corner." The police officer who arrived at the scene of the accident stated he asked for the drivers and the appellant came forward along with the driver of the other car and they answered his questions regarding the accident. The father of the appellant and also another witness, William Griffin, both testified that the appellant stated to the police officer that he was driving at the time of the accident, yet both witnesses insisted that a brother of the appellant was driving at the time. Although the evidence is in conflict as to who was driving, there was sufficient evidence for the jury to resolve this conflict, and to find that the appellant was driving the automobile at the time of the accident and alleged offense.

The greatest difficulty in this case arises in connection with the sentencing of the appellant. The record

shows that he was found guilty and sentenced on all three counts. Count No. 1 and Count No. 3 are for the subsequent offense of driving while under the influence of intoxicating liquor and Count No. 2 is merely driving while under the influence of intoxicating liquor which is included in each of the other two Counts Nos. 1 and 3. All three counts specify the date of the last offense to be the same. It is established law in this state that if a person is convicted and sentenced for an offense he may not also be convicted and sentenced for a lesser offense included therein. In other words, a crime may not be split up into parts such that the person may be found guilty of all the parts constituting a greater crime and sentenced also for lesser crimes included therein. *Carter* v. *State* (1951), 229 Ind. 205, 96 N. E. 2d 273; *Kokenes* v. *State* (1938), 213 Ind. 476, 13 N. E. 2d 524; *The State* v. *Elder* (1879), 65 Ind. 282, 285.

The judgment entered upon the verdict for the lesser offense included in the greater offense was erroneous, while the judgment entered on the greater offense only is proper.

A still more perplexing problem arises where, as in this case, we have two convictions for a subsequent offense of driving while under the influence of intoxicating liquor, the last offense being in each case on August 26, 1954. One of these charges alleges a prior offense in 1949 (Count No. 1) while the other alleges a prior offense in 1950 (Count No. 3). There can be only one criminal offense resulting from the appellant's act of driving while under the influence of intoxicating liquor on August 26, 1954, regardless of the number of previous like convictions. The criminal statute applicable to this case provides:

"(b) Driving While Under the Influence of Intoxicating Liquor or Narcotic Drugs. Any person

who drives a vehicle while such person is under the influence of intoxicating liquor or of narcotic drugs shall be guilty of a criminal offense. Upon a first conviction, such person shall be punished by a fine of not less than ten dollars [$10.00] nor more than one hundred dollars [$100], or by imprisonment in the county jail or state farm for a determinate period of not less than ten [10] days nor more than six [6] months, or by both such fine and imprisonment. Upon a second or subsequent conviction, such person shall be punished by a fine of not more than one hundred dollars [$100] and imprisonment in the state farm for a determinate period of not more than one [1] year, or by a fine of not more than five hundred dollars [$500] and imprisonment in the state prison for an indeterminate period of not less than one [1] year or more than three [3] years." Acts 1939, ch. 48, §52, p. 289, being §47-2001 Burns' 1952 Replacement.

The net result of the judgment and sentencing of the appellant on each of the three counts herein, is that he is receiving triple punishment for a single offense. The only offense he committed was that of driving while under the influence of intoxicating liquor on August 26, 1954 which was a subsequent offense; that is subsequent to other convictions of like kind. It is obvious that a defendant who has previously been convicted of driving while under the influence of intoxicating liquor ten times and thereafter is again found guilty of driving while under the influence of intoxicating liquor, has not thereby committed ten separate offenses for which he may be separately punished.

In *Sammons* v. *State, supra* (1936), 210 Ind. 40, 199 N. E. 555, a defendant was charged as a habitual criminal. The affidavit charged four previous convictions, although under the statute, only two prior convictions were necessary for such classification. The court there stated that all prior convictions in excess of two may be treated as surplusage, and further stated on page 48 of 210 Ind.:

"It seems to be the settled law everywhere that the charge and proof of the prior convictions can have nothing to do with the proof and conviction of the offense for which the defendant may be upon trial; that a statement of previous convictions does not change the offense. The jury does not find the person guilty of the previous offenses; they are matters of history and are alleged and proved for the sole purpose of placing the defendant in a class of habitual criminals, and affect the punishment or term of imprisonment to be meted out."

This rule seems to be followed in other states. *Gamran* v. *Jones* (1947), 148 Neb. 645, 28 N. W. 2d 403; *Mundon* v. *State* (1928), 196 Wis. 469, 220 N. W. 650; *People* v. *Lopez* (1941), 43 Cal. App. 2d Supp. 854, 110 P. 2d 140.

A very good expression of the law relative to the duplication of offenses and the punishment thereon is set forth in an early case of *The State* v. *Elder, supra* (1879), 65 Ind. 282. There the court says on page 285:

"We believe the true rules, deducible from both principle and authority, to be,

"1. When the facts constitute but one offence, though it may be susceptible of division into parts, as in larceny for stealing several articles of property at the same time, belonging to the same person, a prosecution to final judgment for stealing a part of the articles will be a bar to a subsequent prosecution for stealing any other part of the articles, stolen by the same act.

"2. When the facts constitute two or more offences, wherein the lesser offence is necessarily involved in the greater—as an assault is involved in an assault and battery, as an assault and battery is involved in an assault and battery with intent to commit a felony, and as a larceny is involved in a robbery—and when the facts necessary to convict on a second prosecution would necessarily have convicted on the first, then the first prosecution to a final judgment will be a bar to the second.

"3. But when the same facts constitute two or

more offences, wherein the lesser offence is not necessarily involved in the greater, and when the facts necessary to convict on a second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second, although the offences were both committed at the same time and by the same act."

This case has been repeatedly approved and quoted. *Steffler* v. *State* (1952), 230 Ind. 557, 104 N. E. 2d 729.

It seems, therefore, to follow that if a defendant may not be convicted or sentenced for a lesser offense included in a greater offense of which he has been convicted, that likewise a defendant may not be convicted and sentenced more than once upon separate charges of a subsequent offense where all the charges are *identical* except that they are each based upon a *different prior offense*. The reason is that the allegation of a previous conviction in such a charge is not a distinct charge of a separate crime, but only is necessary to bring the case within the statute providing for a greater punishment. Constitutionally, one may not be convicted of the prior offenses a second or subsequent time.

In cases where there has been an erroneous duplication in sentencing by the trial court, the higher sentence stands and the lesser is vacated. *Carter* v. *State, supra* (1951), 229 Ind. 205, 96 N. E. 2d 273; *Morgan* v. *United States* (1923 C. C. A. 4th), 294 Fed. 82; *Kokenes* v. *State, supra* (1938), 213 Ind. 476, 13 N. E. 2d 524.

An erroneous assessment of a punishment by the trial court in excess of that permitted by statute does not invalidate the judgment but the sentence may be corrected by the trial court. *Williams* v. *State* (1954), 233 Ind. 327, 119 N. E. 2d 547; *Shoe-*

*maker* v. *Dowd, Warden* (1953), 232 Ind. 602, 115 N. E. 2d 443 ; 3 Ind. L. J. 480.

Accordingly, the judgment rendered in the trial court below on Count No. 1 is affirmed and the judgments rendered on Counts Nos. 2 and 3 are reversed.

Emmert, Achor and Landis, JJ., concur.
Bobbitt, C. J., dissents.

NOTE.—Reported in 130 N. E. 2d 139.