UNITED STATES of America ex rel., Forrest Eugene SMITH, Petitioner-Appellant,

v.

Alfred F. DOWD, as Warden of Indiana State Prison, Respondent-Appellee.

No. 12600.

United States Court of Appeals Seventh Circuit.

Oct. 20, 1959.

---

Parkinson, Circuit Judge, dissented.

Jerry P. Belknap, William P. Wooden, Indianapolis, Ind., for appellant.

John A. Pushor, Deputy Atty. Gen., Edwin K. Steers, Atty. Gen., Merl M. Wall, Asst. Atty. Gen., for respondent-appellee.

Before HASTINGS, Chief Judge, and PARKINSON and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

The appellant Forrest Eugene Smith, hereinafter referred to as petitioner, filed a petition for a writ of habeas corpus in the District Court charging that his imprisonment in the Indiana State Prison is in violation of the Thirteenth and Fourteenth Amendments to the United States Constitution. The respondent, Alfred F. Dowd, Warden, filed a motion to dismiss the petition asserting it failed to state grounds on which relief can be granted. The District Court granted respondent's motion and dismissed the cause. Petitioner appealed contending the Court erred in granting the motion to dismiss.

Allegations of the petition, admitted for the purpose of the motion, established that the petitioner has exhausted

all available remedies in the courts of Indiana. Petitioner's original conviction was affirmed by the Supreme Court of Indiana, Smith v. State, 227 Ind. 672, 87 N.E.2d 881 and the Supreme Court of the United States denied certiorari. Petitioner filed a petition for a writ of error *coram nobis* in the Indiana trial court presenting the identical question raised in his habeas corpus petition. It was denied. The Supreme Court of Indiana 237 Ind. 532, 146 N.E.2d 86 affirmed the denial and the Supreme Court of the United States denied certiorari. 357 U.S. 909, 78 S.Ct. 1156, 2 L.Ed.2d 1159.

Other material allegations of the petition are that the petitioner is a citizen of the United States; that the imprisonment complained of was imposed by a judgment of the Vigo County Circuit Court of Indiana, entered September 27, 1948, sentencing petitioner as a habitual criminal after trial and finding of guilt of the offense of vehicle taking. The court imposed a sentence committing petitioner for a period of not less than one year nor more than ten years and further ordering that petitioner "be and is hereby committed to the Indiana State Prison as a habitual criminal, to be confined there for a period of his natural life." Completion of the one to ten year sentence is alleged and it is asserted that continued imprisonment is depriving petitioner of his liberty in violation of the Thirteenth and Fourteenth Amendments.

Petitioner contends that the life sentence is not imposed as punishment for crime, and since all Indiana convicts are subject to hard labor [1] his continued imprisonment constitutes involuntary servitude in violation of the Thirteenth Amendment and by the same token an abridgment of his privileges and immunities as a citizen of the United States in violation of the Fourteenth Amendment.

Section 1 of the Thirteenth Amendment prohibits involuntary servitude ex-cept as a punishment for crime. It expressly provides:

"Neither slavery nor involuntary servitude, except as punishment for crime, whereof the party shall have been duly convicted, shall exist within the United States or any place subject to their jurisdiction".

The contested issue presented by this appeal is whether petitioner's present imprisonment, attributable solely to the life sentence imposed pursuant to the Indiana Habitual Criminal Act, constitutes punishment for crime.

The provisions of the Indiana Habitual Criminal Act under which the punishment was imposed (Burns' Ind.Stat., 1956 Repl., §§ 9–2207 and 9–2208) are as follows:

"Every person who, after having been twice convicted, sentenced and imprisoned in some penal institution for felony, whether committed heretofore or hereafter, and whether committed in this state or elsewhere within the limits of the United States of America, shall be convicted in any circuit or criminal court in this state for a felony hereafter committed, shall be deemed and taken to be an habitual criminal, and he or she shall be sentenced to imprisonment in the state prison for and during his or her life."

"To authorize a sentence of imprisonment for life under this act, the indictment or affidavit shall allege that the defendant has been previously twice convicted, sentenced and imprisoned in some penal institution, for felonies, describing each separately. If the trial jury, in their verdict, find these facts to be true, and convict such defendant of the third felony, the trial court, after passing sentence of imprisonment for a specific term, as prescribed by the statute, shall proceed to sentence the defendant to imprisonment for his or her life."

1. Burns' Ind.Stat., 1956 Repl., § 13–238.

Petitioner contends that the statute does not impose the life sentence penalty as punishment for the third offense but that it is a punishment imposed for acquiring the status of a habitual criminal; that it constitutes punishment for a status or condition and thus is not "punishment for crime" excepted from the ban of involuntary servitude contained in the Thirteenth Amendment.

■ The state or condition of being a habitual criminal is not a crime but it is a status or circumstance which affords a proper basis for classifying such individual as one subject to greater or additional punishment than would otherwise be imposed on the conviction of a subsequent offense. Goodman v. Kunkle, 7 Cir., 72 F.2d 334.

The language of Sec. 9–2207 that the person twice previously convicted and imprisoned for felony shall on a subsequent felony conviction "be deemed and taken to be a habitual criminal and * * * shall be sentenced to" life imprisonment neither expressly nor impliedly requires that the punishment be related to the status rather than to the last offense.

■■ It is recognized that Sec. 9–2208 is part of the plan employed by Indiana for the purpose of assuring enhanced punishment of persistent offenders and utilizes and requires the imposition of separate and distinct sentences, one imposing the normal penalty prescribed by law for the particular offense involved and the other imposing a further penalty of life imprisonment. Goodman v. Kunkle, 7 Cir., 72 F.2d 334; Metzger v. State, 214 Ind. 113, 13 N.E.2d 519; Witte v. State, 228 Ind. 153, 90 N.E.2d 802; Witte v. Dowd, 230 Ind. 485, 102 N.E.2d 630, certiorari denied 344 U.S. 841, 73 S.Ct. 54, 97 L.Ed. 654. The fact that the statute employs the device of two separate and distinct penalties, the normal penalty for the offense last committed, plus an additional penalty of life imprisonment, does not, however, require that the latter be regarded as imposed as punishment for the status

rather than for the offense last committed. In our opinion this unique, separate and distinct penalty feature of the Indiana statute does not have the effect of removing the life imprisonment penalty from the category of "punishment for crime". It may be imposed only when a status of habitual criminality has been attained by reason of the subsequent felony conviction. It is imposed as an incident to that conviction as enhanced punishment. It is the subsequent conviction which results in both the status of habitual criminal and the imposition of both the normal and the further or additional penalty of life imprisonment. Such penalty is imposed as an incident to a conviction of crime and in our opinion is punishment for crime excepted from the prohibition of the Thirteenth Amendment.

The Supreme Court of Indiana in Kelley v. State, 204 Ind. 612, 185 N.E. 453, 457, in sustaining the constitutionality of the Habitual Criminal Act against attack on grounds other than the Thirteenth Amendment observed:

"* * * It simply imposes a heavier penalty for the commission of a felony by one who had been previously twice convicted and imprisoned for the commission of a felony. The punishment is for the new crime only."

Petitioner regards Smith v. State, 237 Ind. 532, 146 N.E.2d 86, 87 as indicating a changed interpretation of the statute to the effect that the additional penalty of life imprisonment is imposed as punishment for the status of being a Habitual Criminal. In that case the Indiana Supreme Court in disposing of the identical question here presented said:

"However, the provision of the Indiana statute requiring the accused to be charged both with the commission of the third felony and with being an habitual criminal and to be sentenced upon both counts does not in our opinion violate either the 13th or 14th Amendments of the U. S. Constitution. The Habitual Criminal Statute does not impose punish-

ment (life imprisonment) for an additional crime, but for the status or condition of being an habitual criminal. See Goodman v. Kunkle, 1932, 7 Cir., 72 F.2d 334; Metzger v. State, 1938, 214 Ind. 113, 13 N.E.2d 519.

"Appellant has conceded that the imposition of the penalty of life imprisonment alone for the third felony would be constitutional. We know of no valid reason why the legislature could not constitutionally add to the ordinary penalty for the felony an additional punishment, to-wit: life imprisonment, when the felony is committed by a third time offender who is thus classified as an habitual criminal."

We do not so interpret Smith v. State. The statement there made that "The Habitual Criminal Statute does not impose punishment (life imprisonment) for an additional crime, but for the status or condition of being an habitual criminal" was in our judgment intended as a reaffirmation of the court's previous holding in the Metzger case and our observation in Goodman v. Kunkle that the Act did not create any new or independent crime, nor attempt to make the status itself a crime. To interpret the court's language in the Smith case differently would be out of harmony with the authorities cited in conjunction therewith, repugnant to the context which follows and in direct conflict with the express holding of the Court.

Holding, as we do, that there is no violation of the Thirteenth Amendment it follows that petitioner's claim based on the Fourteenth Amendment is without merit.

1. Burns' Indiana Statutes 1956 Replacement §§ 9–2207 and 9–2208.

2. See Hall, General Principles of Criminal Law (1947) 11, 14, and 255. See also Hall, Studies in Jurisprudence and Criminal Theory (1958) 158–159. Cf. 14 Am.Jur. 786 and 22 C.J.S. Criminal Law § 37, p. 95.

3. See, for example, United States v. Balint, 1922, 258 U.S. 250, 42 S.Ct. 301,

Petitioner's references to Woods v. State, 234 Ind. 598, 130 N.E.2d 139 and McCarren v. United States, 7 Cir., 8 F.2d 113 are not pertinent. Those cases involved multiple convictions of the same offense for the same act. The judgment order in the instant case did not convict petitioner more than once of the same offense for the same act and the imposition of two penalties for the single offense of vehicle taking was not only authorized but was required by statute.

Attorney Jerry P. Belknap, by appointment of this court, and his associate William P. Wooden, have served faithfully and diligently, without compensation, as counsel for petitioner in this court. We extend to them our appreciation for their services.

For the reasons hereinbefore set forth the order of the district court is affirmed.

Affirmed.

HASTINGS, Chief Judge (concurring).

I concur in Judge CASTLE'S opinion holding that imprisonment under the Indiana Habitual Criminal Act [1] is "punishment for crime" under the Thirteenth Amendment.

It is appropriate to analyze this statute in terms of an essential element of a criminal conviction, i. e., the *conduct* of the defendant charged with a crime.[2]

The law of crimes punishes a person for his proscribed conduct. In most instances the conduct is intentional, although certain statutes impose strict liability for "public policy" crimes.[3] But in either case, punishment is levied because of the prisoner's conduct.

66 L.Ed. 604 (sale of narcotics); State v. Kelly, 1896, 54 Ohio St. 166, 43 N.E. 163 (sale of adulterated food); Commonwealth v. Mixer, 1910, 207 Mass. 141, 93 N.E. 249, 31 L.R.A.,N.S., 467 (transportation of intoxicating liquor). For a general discussion of strict liability, see Hall, General Principles of Criminal Law, ch. 10 (1947).

The Thirteenth Amendment prohibits involuntary servitude "except as a punishment for crime whereof the party shall have been duly convicted." The issue here is whether the Indiana Habitual Criminal Act is a violation of this constitutional restriction, *i. e.,* whether or not the sentence of life imprisonment issued under this statute is imposed for criminal conduct.

The Indiana Habitual Criminal Act requires the commission and conviction of a third felony. Commission of a third felony, with a record of two prior convictions, is the conduct upon which the life imprisonment is based.[4]

The fact that Indiana's statute provides procedurally (§ 9–2208) for an orderly and logical progression in establishing that the defendant's conduct was that proscribed cannot detract from the fact that the penalty is for criminal conduct. Indiana's procedure requires the allegation and description of the two prior convictions and incarcerations and the allegation of a third felony. If the jury finds the defendant guilty of the third felony and that the allegation regarding the two prior convictions are true, after sentencing for the third felony, the court is instructed to sentence the prisoner to life imprisonment.

To describe this process as punishment for a "condition" or "state" or a "status" or "circumstance" of habitual criminality (precipitated by the commission and conviction of three prior felonies) beclouds the fact that this statute provides for conviction for the *criminal conduct* of committing a third felony with a record of two prior criminal convictions. This being so, it cannot violate the Thirteenth Amendment.

PARKINSON, Circuit Judge (dissenting).

The Indiana Habitual Criminal Act provides that upon a third felony conviction one, having been previously twice convicted and imprisoned for a felony, "shall be deemed and taken to be an habitual criminal". The Act mandates first the imposition of the penalty prescribed by statute for such third felony and then the imposition of a life sentence.

In 1933, the Supreme Court of Indiana, in the case of Kelley v. State, 204 Ind. 612, on page 623, 185 N.E. 453, on page 457, unequivocally decided that the punishment provided by the Act was simply a heavier penalty for the commission of the third felony and flatly stated:

> "The punishment is for the new crime only."

However, in so deciding the Court failed to take into account the plain wording of the Act which would, under such a construction, invalidate the Act because of the double sentencing for the third felony, *i. e.,* the sentence prescribed by the statute for such third felony and another separate sentence of life imprisonment. This was signalized by Judge Gilkison in his dissenting opinion in Witte v. Dowd, 1951, 230 Ind. 485, 506, 102 N.E. 2d 630.

The question as to whether the Act violated the Thirteenth Amendment was before the Court in the Witte case. However, the majority never reached that question and it was not until the case of Smith v. State, 1957, 237 Ind. 532, 146 N.E.2d 86, that the Indiana Supreme Court passed on this question. In that case it apparently disavowed Kelley and squarely held that the Act imposes life imprisonment as punishment "for the status or condition of being an habitual criminal." That is a correct interpretation of the Act and clearly invalidates it as being violative of the Thirteenth Amendment.

Although the Indiana Supreme Court in Smith holds that the Act does not violate the Thirteenth Amendment, it is of

---

4. Cf. the analysis of habitual criminal statutes under attack on the grounds of *ex post facto.* In rejecting this charge, the courts focus upon the fact the statute punishes for the conduct of the subsequent offense. See Cross v. State, 1928, 96 Fla. 768, 119 So. 380 and the many cases cited in annotations on this problem in 58 A.L.R. 20, 82 A.L.R. 345, 116 A.L.R. 209, and 132 A.L.R. 91.

interest to note that the majority here does not rely thereon. The majority holds that the Act does not violate the Thirteenth Amendment because the life imprisonment imposed, after the imposition of the term penalty for the third felony, is "incident to a conviction of crime" or is "for the *criminal conduct* of committing a third felony with a record of two prior criminal convictions" and, therefore, is without the ban of the Thirteenth Amendment. In my opinion, that is not the law. The exception in the Thirteenth Amendment does not read *punishment incident to crime* nor does it read *punishment for criminal conduct by commission of repetitive felonies for which the full statutory punishment has been inflicted.* It clearly and succinctly states "as a punishment for crime". We have no right to rewrite the Amendment and extend the provisions of the exception to include that which is clearly without its ambit.

The judgment of the committing court, which conforms to the Act,[1] patently demonstrates that the petitioner is *now* serving a sentence of life imprisonment for the status of being an habitual criminal and not for a crime. It reads as follows:

"It is therefore ordered, adjudged, and decreed by the court, that the defendant, Forrest Eugene Smith, is guilty of the offense of Vehicle Taking as charged in the affidavit in this cause, and that for the offense so committed by him against the peace and dignity of the State of Indiana, the said defendant, Forrest Eugene Smith be and is hereby committed to the Indiana State Prison to be there confined for a period of not less than one (1) nor more than ten (10) years, and that he be and is hereby disfranchised and rendered incapable of holding any office of trust or profit, for a period of five (5) years, and that the State of Indiana do have and recover of the defendant

its costs paid out and expended in the sum of $———.

"It is further ordered by the court that the defendant, Forrest Eugene Smith be and is hereby committed to the Indiana State Prison as a Habitual Criminal, to be there confined for a period of his natural life."

The life sentence is for being "a Habitual Criminal". It is not a sentence for the commission of the third felony of vehicle taking. Sentence therefor was separately imposed and has been served by the petitioner. The life sentence is imprisonment for a status. It is not "punishment for crime" and violates the Thirteenth Amendment.

*In my opinion, the District Court erred in dismissing the petition. I would reverse.

---

1. Metzger v. State, 1938, 214 Ind. 113, 118, 13 N.E.2d 519.