GERALD DALE McCORMICK *v*. STATE OF INDIANA.

[No. 968S139. Filed March 3, 1971.]

*Richard L. Wilder,* of Bloomington, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, for appellee.

ARTERBURN, C.J.—The appellant, Gerald McCormick, was charged with rape, assault and battery with intent to gratify sexual desires on a female child under twelve years of age, and with being an habitual criminal, and he was found guilty accordingly.

The appellant first challenges the sufficiency of the evidence. Briefly, the evidence is that the victim was a seven year old girl in the Spencer elementary school. She attended a speech therapy class on Tuesday afternoons each week. Consequently, instead of getting out of school at 3:15 p.m. and going to her babysitter's house as usual, on Tuesdays the little girl would go to her grandmother's house around 4:30 p.m. and wait for her mother, who worked until 5:30 p.m. each day. It was during this brief period of time in the afternoon during the fall of 1967, that the defendant was living at the home of the victim's grandmother. It was during these one hour periods on Tuesdays that the evidence reveals the defendant, who was the uncle of the prosecuting witness, repeatedly raped and sexually molested the seven year old girl. She related these acts in detail, and we need not describe them here. The evidence further shows that she stated: "He said he would whip me" (if she told on him). There was evidence that the victim's eleven year old brother in one instance was subjected to the appellant's sexual gratifications during the same period.

The mother first noted vaginal discharges the little girl was having and made arrangements for a doctor to examine her after home remedies did not alleviate the difficulty. Upon examination it was found that she had the disease of gonorrhea and she was thereafter hospitalized. The disease was finally overcome after five months of treatment.

The appellant contends that the evidence of this girl is uncorroborated and at her young age (eight years at the time she testified), she should not be believed. Of course, the general rule is that a conviction will be sustained whenever there is evidence of probative facts essential to support the appellee. *Buckner* v. *State* (1969), 252 Ind. 379, 248 N. E. 2d 348.

When the sufficiency of the evidence is at issue, this Court will consider only the evidence most favorable to the State, together with all reasonable inferences to be drawn therefrom. *Langley* v. *State* (1968), 250 Ind. 29, 232 N. E. 2d 611. We will not weigh the evidence.

In viewing the evidence in this case we feel the trier of fact, from the details which the girl gave, could have reasonably believed her. There is no doubt from the way she told the story that the prosecuting witness had had a sexual experience that no girl normally would have had at her age, and in which *only* an adult could indulge in the fashion in which she described the acts.

This case was tried without a jury. The court had the right to weigh the evidence and determine the credibility of this witness. We have no right on appeal to upset the finding of the court where there is substantial evidence to support such finding of conviction.

The appellant next contends that he was not represented by counsel at the time of his arraignment. However, this was an arraignment in a *prior case* which was dismissed against him and not in the present proceeding, and we find that it is not pertinent or relevant to these proceedings whatsoever.

He was adequately represented by counsel during the entire proceedings in the case before us.

Appellant contends that the dismissal of the charges against him at one time and the subsequent re-filing of charges harassed and annoyed him and thereby prejudiced him. However, he does not point out in what particular this occurred or in what way he was prejudiced. The defendant cites the case of *State ex rel. Hasch* v. *Johnson C. C., Barger, Sp. J.* (1955), 234 Ind. 429, 127 N. E. 2d 600, where identical charges were re-filed against a defendant. That case held that under Rule 1-4D, the six months period for delay in trial runs from the time the first charge was filed. We do not have that situation here and the defendant admits such fact in his brief and states: "* * * although the defendant did not qualify under Rule 1-4D, he was still prejudiced by such a delay and incarceration unlawfully in the Owen County jail." The fact is that only about four months elapsed from the time of the filing of the first charge and when defendant's trial took place. We find no merit in the contention of the appellant in this particular.

The defendant further contends that some of his constitutional rights were denied him because of the absence of certain public records and books of the Owen Circuit Court. He states we should take judicial notice of the situation in the Owen County Court's records. The appellant fails to point out what particular records were missing in his case and how any record, if missing, prejudiced the appellant. The appellant has his trial attorney as his appellate counsel and that attorney is aware of all that took place in the court and should have personal knowledge of what should have been in the court's records. We find no merit in appellant's contention in this respect.

Finally, the appellant contends that to use prior convictions as proof to show the defendant is an habitual criminal, the State must show the defendant was afforded all of his rights in the previous trial. He cites the case of *Burgett* v. *State*

*of Texas* (1967), 389 U. S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319. That case does not support the appellant, since that case showed on its face that the defendant had not been represented by counsel and that he had waived such representation. If the record shows on its face a lack of constitutionality, the appellant has not pointed such out in this case.

For the reasons stated, the judgment of the trial court is affirmed.

Givan, Prentice and DeBruler, JJ., concur; Hunter, J. concurs in result.

NOTE.—Reported in 267 N. E. 2d 78.