GERALD DALE MCCORMICK *v.* STATE OF INDIANA.

[No. 373S51. Filed August 22, 1974. Rehearing denied October 16, 1974.]

*Harriette Bailey Conn*, Public Defender of Indiana, *John R. Gerbracht*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Assistant Attorney General, for appellee.

ARTERBURN, C.J.—This consolidated appeal is from the denial of two (2) Petitions for Post-Conviction Relief and the subsequent overruling of Motions to Correct Errors. Our disposition of the direct appeal of this case, *McCormick v. State* (1971), 256 Ind. 78, 267 N.E.2d 78, contains a narrative of the events leading to the Appellant's incarceration. For the purposes of this appeal it is sufficient to relate that at a trial, without the intervention of a jury Appellant was convicted and sentenced as follows: Life in the Indiana State Prison for Rape; an indeterminate period of two (2) — twenty-one (21) years in the Indiana Prison for Assault and Battery with Intent to Gratify Sexual Desire; Life in the Indiana State Prison as an Habitual Criminal.

Appellant raises three issues at this time. First, he contends that since Assault and Battery with Intent to Gratify Sexual Desire is a lesser included offense in the charge of Rape it was error for him to be convicted and sentenced separately for each of these two

crimes which arose out of one occurrence. The State concedes this point. We have recognized that even the entry of judgment is additional punishment. *Thompson* v. *State* (1973), 259 Ind. 587, 290 N.E.2d 724. However, when there has been an erroneous duplication in sentencing by the trial court, the higher sentence stands and the lesser is vacated. *Woods* v. *State* (1955), 234 Ind. 598, 130 N.E.2d 139, and cases cited therein. Therefore, the trial court is directed to vacate both the judgment and the sentence imposed for the charge of Assault and Battery with Intent to Gratify Sexual Desire.

Appellant's second issue was that the imposition, under Count I of the indictment, of a sentence for Assault and Battery with Intent to Gratify Sexual Desire and the imposition also under Count II of a Life Sentence as an Habitual Criminal represents double punishment for a single offense arising from one event. Appellant's suggestion is that the Assault and Battery sentence be vacated. Since we have ordered that this judgment and sentence be vacated for the reasons given above, this second issue is moot. However, we wish to make clear that the sentence for Life as an Habitual Criminal remains in effect. Appellant was convicted of Rape. It was proved that he had been "previously twice convicted, sentenced and imprisoned in some penal institution" for felonies. Appellant, accordingly, was sentenced for the Rape and as an Habitual Criminal. IC 1971, 35-8-8-2 [*Burns Ind. Ann. Stat.* § 9-2208 (1956 Repl.)]. This sentencing procedure was proper.

In *United States ex rel. Smith* v. *Dowd* (7th Cir. 1959), 271 F.2d 292, the Court stated:

"It is recognized that § *9-2208* is part of the plan employed by Indiana for the purpose of assuring enhanced punishment of persistent offenders and utilizes and *requires the imposition of separate and distinct sentences, one imposing the normal penalty prescribed by law for the particular offense involved and the other imposing a further penalty of life imprisonment. Goodman* v. *Kunkie,* 7 Cir., 72 F.2d 334; *Metzger* v. *State,* 214 Ind. 113, 13 N.E.2d 519; *Witte* v. *State,* 228 Ind. 153, 90 N.E.2d

802; *Witte* v. *Dowd*, 230 Ind. 485, 102 N.E.2d 630, certiorari denied 344 U.S. 841, 73 S.Ct. 54, 97 L.Ed. 654."
(emphasis added)

Appellant's final contention is that the Habitual Criminal Conviction should be reversed because the indictment itself listed the prior felonies on which the operation of the Habitual Criminal Act would depend. That is, the fact-finder, the judge in this case, was aware of the prior convictions as he deliberated on the truth of the allegations against the defendant. Appellant relies on *Lawrence* v. *State* (1972), 259 Ind. 306, 286 N.E.2d 830. In that case we held that it was unduly and unnecessarily prejudicial to a criminal defendant on trial for a felony to have a jury informed of prior felony convictions which are not relevant to some issue of the principal charge but which are necessary to establish the elements of the Habitual Criminal Statute. In order to avoid this kind of situation we adopted a procedure that allowed the jury to decide first the felony charge and then, if a conviction resulted, to be informed of the prior felony convictions and instructed to decide on the applicability of the Habitual Criminal Statute.

However, the *Lawrence* case involved a jury trial and the case before us was tried by the Court without the intervention of a jury. We think the *Lawrence* procedure should be limited to jury trials. A felony defendant will be aware that he is also being charged as an Habitual Criminal. It would be unrealistic to attempt to keep this information from a trial judge. If the defendant wishes to have a fact-finder who is unaware of his prior felony convictions, he need only assert his right to a jury trial. Furthermore, in bench trials trial judges are frequently required to disregard certain incriminating but inadmissible information which comes to their attention before they deliberate on the question of the defendant's guilt or innocence. The assumption is that the special training and experienc of trial judges gives them the ability to set aside this type of evidence. In

the same sense, we think that a trial judge can be aware of prior felony convictions and not be thereby prejudiced as he deliberates upon the evidence of a current felony charge.

The trial court is directed to alter its judgment and sentence in conformity with this opinion.

ALL JUSTICES CONCUR.

NOTE.—Reported at 315 N.E.2d 360.

## ON PETITION FOR REHEARING

ARTERBURN, C.J.—The Defendant has filed a Petition for Rehearing. He contended in his appeal for post-conviction relief that he was receiving double punishment by reason of having been convicted for Rape (Count I) and Assault and Battery with Intent to Gratify Sexual Desires **(Count II).** He had been sentenced separately on both charges. In our original opinion we agreed that the Defendant could not be sentenced on a lesser included offense after being adjudged guilty and being sentenced on the greater offense. We ordered the judgment and sentencing on the lesser included offense of Assault and Battery with Intent to Gratify Sexual Desires to be vacated, leaving standing the conviction on Rape. Defendant now contends that his conviction and sentencing under the Habitual Criminal Act was error since Count II charging him with two prior felonies as required by the Habitual Criminal Act also recited the charge of Assault and Battery With Intent to Gratify Sexual Desires. The specific argument of the Petition for Rehearing is that since the Assault and Battery With Intent To Gratify Sexual Desires charge has been vacated, the Habitual Criminal sentence must also be vacated because "that charge was coupled with the vacated Assault and Battery charge and not the Rape charge of which Appellant still stands convicted."

With this contention of the Defendant we do not agree. The Habitual Criminal statute does not work in terms of prior convictions being "coupled with" certain new charges.

Instead, the statute defines "habitual criminal," establishes the sentence, and prescribes a simple and automatic procedure. What is mandated is a straightforward inquiry as to whether or not a person presently convicted of a felony has twice previously been convicted, sentenced and imprisoned for felonies.

The Habitual Criminal sections read as follows:

"Every person who, after having been twice convicted, sentenced and imprisoned in some penal institution for felony, whether committed heretofore or hereafter, and whether committed in this state or elsewhere within the limits of the United States of America, shall be convicted in any circuit or criminal court in this state for a felony hereafter committed, shall be deemed and taken to be an habitual criminal, and he or she shall be sentenced to imprisonment in the state prison for and during his or her life."

*"To authorize a sentence of imprisonment for life under this chapter* [§§ 9-2207, 9-2208], *the indictment or information shall allege that the defendant has been previously twice convicted, sentenced and imprisoned in some penal institution, for felonies, describing each separately.* If the trial jury, in their verdict, find these facts to be true, and convict such defendant of the third felony, *the trial court,* after passing sentence of imprisonment for a specific term, as prescribed by the statute, *shall proceed* to sentence the defendant *to imprisonment for his or her life."* (our emphasis)

IC 1971, 35-8-8-1 and 2, [*Burns Ind. Ann. Stat.* § 9-2207, 08 (1956 Repl. and 1974 Supp.)].

It is to be noted that the indictment or information need only allege two previous convictions, etc. for felonies other than the main charge under which the defendant is being tried. The prior convictions, etc. need not be set out in any particular order or form. In *Barr* v. *State* (1933), 205 Ind. 481, 187 N.E. 259, an indictment was in three paragraphs: the first charging the new offense under which the defendant was to be tried and the next two paragraphs reciting the previous convictions, etc. of felonies. This Court held such indictment to be in good form. The court stated:

"Appellant is in error in his assumption that two substantive offenses are charged in the indictment. Only one crime is charged. . . . It will be observed that by the express terms of [the Habitual Criminal Statute] the indictment or information must allege that the defendant had been previously convicted, sentenced and imprisoned in some penal institution for felonies before he can be adjudged an habitual criminal."

*Barr, supra,* 205 Ind. at 484.

The Habitual Criminal Act is mandatory, not discretionary, with the court when it is shown that a defendant has been convicted of a third felony, the two previous felonies having been alleged and proved. In this case, ignoring the charge of Assault and Battery With Intent to Gratify Sexual Desires, the State alleged in the indictment the felony of Rape, which charge was subsequently proved, and in a second paragraph, two previous convictions, etc. of felonies, which also were proved at trial. These elements are sufficient to sustain a conviction as an Habitual Criminal.

The petition for rehearing is denied.

ALL JUSTICES CONCUR.

NOTE.—Reported at 317 N.E.2d 428.